THE DISTRICT TOWNSHIP OF JASPER v. THE DISTRICT TOWNSHIP
OF WHEATLAND.

1. **Statute of Limitations:** EXPRESS TRUST. Where a party takes possession of money and holds it in the discharge of an express trust, he cannot set up the statute of limitations to shield him from liability for the improper discharge of the trust. But by the facts of this case (see opinion) no trust was created.

2. **School District:** SUBDIVISION OF: APPORTIONMENT OF ASSETS: RESULTING TRUST. When a school district was subdivided, and upon apportionment of the assets it was agreed that certain taxes yet to be collected from territory not included in the plaintiff should be paid, when collected, to the plaintiff, there was no legal difficulty in plaintiff's receiving such payment; and the fact that it did not, and that the money was paid to the district formed out of the territory from which the taxes were collected, did not make the latter district in any sense the trustee of the former.

*Appeal from Carroll District Court.*

FRIDAY, OCTOBER 19.

THE questions presented in this case pertain to the sufficiency of the plaintiff's petition. The court below sustained a motion to strike out a part, and afterward sustained a demurrer to the remainder. The plaintiff elected to stand upon its petition, and judgment was rendered for the defendant. The plaintiff appeals.

*M. W. Beach* and *C. C. Cole,* for appellant.

*J. E. Griffith* and *O. H. Manning,* for appellee.

·ADAMS, J.—The action was commenced on the 9th day of April, 1881. The cause of action accrued more than five years prior to that time. The court below held that it was barred by the statute of limitations. The plaintiff insists that it does not appear that the action was barred, taking the petition as it stood before the motion to strike out·a part of it was sustained, and that the court erred in striking out such

part. The liability of the defendant is alleged to consist in the fact that it drew from the county treasurer of Carroll county certain money which belonged to the plaintiff. The principal point controverted in argument is as to whether the petition showed that the defendant, in drawing and holding the money, did so in the discharge of an express trust. The parties are agreed in respect to the rule of law that, where a party takes possession of money and holds it in the discharge of an express trust, he cannot be allowed to set up the statute of limitations to shield himself from liability for the improper discharge of the trust. The plaintiff undertook to so frame its petition as to set out such trust, but the court below thought that it did not succeed. It is not necessary to go into a full statement as to how the rights of these parties became complicated, and how it happened that the county treasurer paid money to the defendant which belonged to the plaintiff. It is sufficient to say that, at one time, the district township of Jasper embraced a large territory. Out of that territory other district townships have been carved, and one of the subdivisions has been subdivided. The first subdivision took place in 1868, when the district townships of Sheridan and Glidden were carved out of the territory constituting the original township of Jasper. Afterward the district township of Kniest was carved out of the district township of Sheridan, and the defendant, the district township of Wheatland, was carved out of the district township of Kniest. When the first subdivision took place, the respective boards of Jasper, Sheridan and Glidden made a division of the assets and liabilities, and the assets included certain taxes thereafter to be collected, and, among them, the taxes constituting the money now in controversey. By that division, this money was to be paid to the district township of Jasper. But considerable time elapsed, and a misconception arose in regard to what the division embraced, and the result was that this money, which should have been paid to the district township of Jasper, was paid to the district town-

ship of Wheatland, being money collected as taxes from that territory; and there the matter rested for over six years.

We have deemed this statement necessary to render more fully intelligible the plaintiff's averments contained in that part of the petition which was striken out. The plaintiff relies upon these averments as showing an express trust. After setting out the contract of division made between the respective boards of Jasper, Sheridan and Glidden, the plaintiff averred: "That, under and by virtue of said contract, the district township of Sheridan, as originally constituted, became the resulting trustee of the plaintiff herein, for the purpose of receiving from the county treasurer the moneys collected from lands lying within its territory, as then constituted, for taxes levied prior to its organization, and paying the same over to the plaintiff herein under said agreement; that, when the district township of Kniest was carved out of the territory of said district township of Sheridan, it assumed said trust, so far as lands chargeable with said taxes were lying within its territory, and that, when the defendant herein was carved out of the territory of the district township Kniest, as aforesaid, it assumed said trust, so far as lands lying within its territory were chargeable with said taxes or assets of the said original district township of Jasper."

It will be observed that the averment is that the district township of Sheridan became a *resulting trustee*, but it is insisted that, notwithstanding it became such trustee, the trust shown is an express trust. But in our opinion no trust of any kind is shown. The plaintiff's position, that the district township of Sheridan was made a trustee, is based upon the theory that it alone could draw from the county treasurer the taxes collected in its territory, and that it must, therefore, have been contemplated that it should draw the taxes and pay the same to the plaintiff, under the contract of division. But these taxes, even while uncollected, constituted a part of the assets of the original district township of Jasper, and not only that, but the contract of division expressly provided

that the district township of Jasper should draw them. Nor do we think that there was any legal difficulty in carrying out this contract according to its letter. When, therefore, the plaintiff averred that "under and by virtue of said contract" the district township of Sheridan became a trustee for receiving the money, it not only avers a mere conclusion, but one which appears from the petition itself to be wrong. Now, if no trust was created so far as the district township of Sheridan was concerned, then there was no trust which the defendant could assume, and the plaintiff's averment, that the defendant "assumed said trust," goes for nothing. We think that the petition taken altogether not only failed to show a trust, but negatived such idea, and it follows that the plaintiff's cause of action appeared from the petition to be barred.

AFFIRMED.