## LAFORGE v. JAYNE.

A promise to return a specific sum on demand, borrowed in Pike county checks, is barred by the statute of limitations, where no demand was made within six years from the date of the promise.

An admission of the promise, coupled with averments of a set-off and a promise to pay the balance when able, will not avoid the statute; there being no evidence of ability.

IN error from the Common Pleas of Monroe.

*Dec.* 19.   Assumpsit on the following instrument:—

"Borrowed and received of J. Laforge one hundred and seventy-two dollars eighty-eight cents, in Pike county checks, which I promise to return on demand. Witness my hand, January 7, 1824. $172.88.                        D. JAYNE."

Plea, the statute of limitations.

The plaintiff proved that within six years before action brought a demand was made, when defendant admitted the note, and said he would not plead the statute, and it should be paid. But the witness added that defendant said it would be paid when he was able; that plaintiff had taken some one for the debt; that he had an off-set; and by a memorandum made at the time, it appeared the words were, he would pay the balance when he could.

The court directed a verdict for defendant.

*Reeder*, for plaintiff in error.—There is a distinction between promises to pay money and promises to deliver chattels, or do any collateral act on demand. On the former there is a conflict of authorities : 2 Stark. on Ev. 478, Ry. & Mo. 388, holding that a demand being necessary to give an action, the statute runs from thence. So in the case of a bond: Byl. on Bills, 191, n. s. But all the authorities concur where the promise is for other things than money: 2 Saund. Pl. and Ev. 645 ; 2 Saund. 63, n. k.; Bull. N. P. 151; 1 Lev. 48; 12 Mod. 444; 6 W. 381; 2 Bailey, 51; 9 Pick. 488. In the present case the promise was not to pay money, but to return certain chattels. Even had they been bank-notes they would not be money: 4 W. 400.

*Porter*, contrà.—The promise was to pay in the depreciated currrency, which had been borrowed, and all such promises are immediately due, and within the act from their date: 2 Saund. 63, b.; 1 Sel. N. P. 118. The demand does not constitute a con-

dition precedent, but merely imports that it is presently due: Byles, 191. But supposing this to be a promise to deliver specific chattels, then a demand must be made within a reasonable time, otherwise it will be presumed to have been made and refused, as in 1 Taunt. 572, the case of consignor and factor. 10 Pick. 112, is express to the point, that the right to demand is barred by the statute. As to the promise, it was not sufficient within our decisions. There was no admission of a debt, but of a right to an account, and even then a mere promise to pay when able.

*Reply.*—If the case was to turn on the presumption of a demand more than six years before action brought, or on presumption of payment, the case should have been submitted to a jury.

*Dec.* 26. COULTER, J.—The writing or note on which the suit is founded, bears date the 7th day of January, 1824, and the suit was instituted on the 14th day of February, 1843, nineteen years after the instrument was executed. The statute of limitations, which was pleaded by the defendant, is of course a bar, unless there is something in the .terms of the contract, or some acknowledgment by the defendant was sufficient to rescue the case from its operation.

It was contended by the plaintiff below, who is plaintiff in error, that it was an engagement to deliver personal property (Pike county checks, as they are called), on demand, and that, therefore, the statute did not run until six years after demand made by plaintiff, which was not proved to have been made until the 3d of May, 1838. If the note was for the payment of money, and ought to be so construed, the statute took effect from its date; it being well settled that the statute in such case runs from the date, and not from the demand. But if the construction of the contract ought to be as the plaintiff contends, the statute is nevertheless a bar: for although there is a distinction in the books, between a promise to pay money, and a collateral promise to deliver chattels, or to perform any service on demand, yet it is held that in the latter case the demand must be made in a reasonable time; otherwise such a promise might be kept on foot indefinitely at the will of the promisor; and even the legal presumption of payment in twenty years, with which the law, for the sake of quietude and repose in old transactions, obliterates even bonds, judgments, and mortgages, would not extinguish a parol contract.

It was ruled in the case of Codman *v.* Rogers, 10 Pick. 112, that although an action will not lie in some cases without a pre-

vious demand, and that in such cases the statute did not run until demand, that nevertheless the demand ought to be made in a reasonable time, and when no cause for the delay is shown, it ought to be made within the time limited by the statute for bringing the action. This would cut up the plaintiff's case. The note in this case, it seems to me, ought to be interpreted, an engagement for the payment of money. The language is, "borrowed and received of John Laforge, one hundred and seventy-two dollars in Pike county checks, which I promise to return on demand." The return of the same checks could not have been contemplated, because, in the use of them, the party would put them beyond his control or power.

The words "return on demand," refer, therefore, to the antecedent, "one hundred and seventy-two dollars." One hundred and seventy-two in figures, with the dollar mark, is appended in the usual place, as customary in money notes; which, although a small circumstance, indicates the intent of the parties. When the engagement is, to deliver specific goods, or render service on demand, it becomes part of the gist of the contract, and a demand is necessary in order to show when the promisee was ready and willing to receive the goods, or services, which the promisor may at all times have been ready to deliver or perform. The meritorious cause of action in this case was the lending of the $172, as they chose to call the medium of exchange or currency in which they dealt. And there was nothing collateral whatever, in the nature of the promise to return what was received and counted as money. At all events, in the judgment of this court, on grounds of public policy, to accomplish the true intent of the statute, as well as on the authority cited, if a demand was necessary before the running of the statute commenced, that demand ought to have been made within six years from the date of the lending.

The acknowledgments made on the 3d day of May, 1838, such as they are, were not sufficient to take the case out of the statute. The defendant spoke of no sum due; said he thought the claim had been satisfied in some way, and spoke of his having off-sets. They come not within the rule of competency established in Gilkyson v. Larue, 6 W. & S. 213, and affirmed in many subsequent cases. He added, to be sure, that he would not plead limitation; acknowledged his hand, and said he would pay the balance when he was able, or if he could. There is no proof whatever of any ability. In Scales v. Jacob, 3 Bing. 638, the judges of the Common Pleas in England were divided as to the efficacy of such an acknowledgment. Chief Justice Best, however, remarked that if it did revive

the debt, it was subject to the condition, and no recovery could be had without proof of the happening of the condition. But in Tanner *v.* Smart, decided a year afterwards in the King's Bench, it was ruled that such a promise did not remove the statute, without proof of ability to pay: 6 B. & C. 603. To the same effect is Wetzell *v.* Buzzard, 11 Wheat. 309.

In the case of Tompkins *v.* Brown, it was ruled that a promise to pay when able, unaccompanied with proof of the party's ability, would not take the case out of the statute, and that the law was the same whether the promise was made within six years from the cause of action, or after it was barred by the running of the statute : 1 Den. 247.

In this case there was no proof whatever of any ability to pay. It is therefore within the range and fully governed by authority. The plaintiff must take the promise, with the limitations imposed on it by the defendant.

Judgment affirmed.