SAMUEL LAUGHLIN, Plaintiff in Error, *v.* THOMAS A. MARSHALL, Defendant in Error.

ERROR TO COLES.

A certificate of deposit, payable to the order of the depositor, is, in effect, a promissory note.

This court will not feel authorized to disturb the finding of the Circuit Court as to a question of diligence in the presentation of certificates of deposit for payment, where no particular facts are shown to impeach the diligence of the holder.

THIS was a suit by attachment brought by Marshall against Laughlin as indorser of two certificates of deposit. Judgment was rendered at the April term, 1856, of the Coles county Circuit Court, in favor of the plaintiff.

This cause was heard before HARLAN, Judge, without the intervention of a jury, upon the following agreed state of facts: It is agreed upon the part of the defendant, as plaintiff's evidence in part in this case, that the certificates of deposit, the indorsements on which are the foundation of this suit, are the certificates of P. B. Manchester, a private banker, and not of any institution having regular banking powers; that the name of the People's Bank was one adopted by the said Manchester, on his own motion; that neither he nor said bank issued notes for

circulation as money; that said Manchester was a resident of Cincinnati, Ohio; that he became entirely insolvent, and absconded from Cincinnati before said plaintiff had time to take legal steps against him there by suit for the recovery of the money; that a suit against him would have been unavailing; that defendant received due notice of the protest of said certificates, and waives all objections to the manner or time of receiving said notices, or the sufficiency of the same. It is also agreed that the certificates may be offered in evidence. In addition to which admissions, which were relied upon as evidence by the plaintiff, and so treated by the defendant, the plaintiff introduced, as further evidence, the following certificate of deposit:

People's Bank, Cincinnati, Oct. 7, 1854.

$500. No. 3,579. Samuel Laughlin has deposited in this bank five hundred dollars, payable to the order of himself, in currency, at the rate of six per cent. interest per annum, on the return of this certificate.

P. B. MANCHESTER.

Which bore the following indorsement:

Pay T. A. or Marshall, order.          SAMUEL LAUGHLIN.

People's Bank, Cincinnati, Oct. 7th, 1854.

$500. No. 3,578. Samuel Laughlin has deposited in this bank five hundred dollars, payable to the order of himself, in currency, at the rate of six per cent. interest per annum, on the return of this certificate.

P. B. MANCHESTER.

On which was the following indorsement:

Pay T. A. Marshall, Cashier, or order.          SAMUEL LAUGHLIN.

The defendant then proceeded to introduce the following admission of plaintiff touching the facts of the case, and to be treated as evidence herein, viz.: That the said certificates of deposit were transferred to him, the first on the 12th of October, 1854, and the second on the 16th day of October, A. D. 1854; that the defendant had funds to the amount of $1,700 deposited in said bank when the same closed, $1,000 of which was covered by the two certificates of deposit transferred to plaintiff; that the said bank continued to do its regular business, and received and paid out funds until the morning of the 18th day of October, A. D. 1854, on which day it closed doors and refused to pay; that certain bankers in Cincinnati, named Hatch & Langdon, were engaged by plaintiff to demand and receive said moneys covered by said certificates of deposit; that the first certificate was presented and the money demanded on it on the 16th day of October, A. D. 1854, in the morning, and on so being presented, the parties presenting it were informed by the officers of said bank that the money demanded should be sent down to the office of Hatch & Langdon in the course of the day; that

afterwards, the money not being sent down as promised, the said Hatch & Langdon sent to the bank an agent by the name of Linn to again see about the matter and demand the money, when the money not being paid, it was protested; that when said Linn the second time presented the certificate, the agreement as to its being sent down was insisted upon and claimed by the said bank, and that it was then protested. The court gave judgment for plaintiff, and defendant excepted.

C. H. CONSTABLE and STUART & EDWARDS, for Plaintiff in Error.

U. F. LINDER and LINCOLN & HERNDON, for Defendant in Error.

CATON, C. J. That a certificate of deposit, like these, is, in fact and in law, a promissory note for the payment of money, was expressly settled by this court in the case of the *Bank of Peru* v. *Farnsworth*, 18 Ill. R. 563; and we deem it unnecessary to examine the question further now. We are content with the reasons there assigned.

The only remaining question is, whether the plaintiff below was guilty of negligence or unnecessary delay in presenting these certificates for payment. The Circuit Court found that he was not, and we do not feel authorized to disturb that finding. The notes were transferred in Danville, in this State, and payable in Cincinnati, Ohio. The first was presented to the maker, in Cincinnati, the fourth day after the transfer; payment refused, and protested, of which due notice was given to the indorser. Two days after the second certificate was transferred, the maker stopped payment and closed his doors, since which time, it is admitted on the record, that any proceeding against the maker, for the collection of the amount due, would have been unavailing. It was also regularly protested, and notice given. From this state of facts, we cannot say that the plaintiff was guilty of negligence in presenting the certificates for payment. There is no evidence showing the facilities of communication between Danville and the place of payment, or that they might, with due diligence, have been presented in less than four days, or, rather, three days, for but that time intervened, if we exclude one day, and include the other. Nor is it any objection that the certificate was not protested when it was first presented, on the promise that the money should be paid that day. It was on the same day again presented, and regularly protested for non-payment. The judgment must be affirmed.

*Judgment affirmed.*