THE TRAVELERS INSURANCE COMPANY v. BENJAMIN J. STUCKI.

No. 119.

1. ATTACHMENT—*Action for Penalty.* Chapter 175, Laws of 1889, authorizes an attachment against the property of a foreign corporation for a refusal or neglect to release a mortgage on real estate, when the mortgage has been fully paid and demand properly made.

2. PENALTY—*Demand—Limitation of Action.* An action to recover a penalty for failing to discharge of record a mortgage which has been fully paid and satisfied cannot be maintained until a demand for such discharge has been made, and it can only be brought within one year after the cause of action has accrued; but where no demand is made until more than one year after a demand should have been made, the action to recover the penalty is barred by the statute of limitations. (*Wey v. Schofield,* 53 Kan. 248.)

MEMORANDUM.—Error from McPherson district court; LUCIEN EARLE, judge. Action by Benjamin J. Stucki against The Travelers Insurance Company to recover a penalty for refusing to release of record a mortgage. Judgment for plaintiff. Defendant brings the case to this court. Reversed. The opinion herein was filed September 5, 1896.

The statement of the case, as made by JOHNSON, P. J., is as follows:·

This suit was commenced on the 14th day of February, 1891, by the defendant in error in the district

court of McPherson county, to recover the statutory penalty for refusing to release a mortgage on real estate situated in that county. The plaintiff below alleges the borrowing of the money, the execution of the mortgage on lands to secure the payment thereof, the payment of the mortgage to E. G. Clark as agent for the mortgagee, demand for the release of the mortgage, and the refusal to do so. As a second cause of action, the plaintiff below alleges that the mortgage is a cloud on his title, and that the defendant below wrongfully claims a lien on the mortgaged premises by virtue of such mortgage, and asks to have the mortgage canceled and satisfied of record and the cloud removed from his title.

At the commencement of this action the plaintiff below filed an affidavit, an undertaking for an attachment, and set out that the defendant below was a foreign corporation, and procured the issuing of an order of attachment against the property of defendant below, and caused the sheriff of McPherson county to seize the lands and tenements of said defendant under the attachment.

The plaintiff below also filed an affidavit to obtain service upon the said insurance company by publication, alleging that it was a nonresident of the state of Kansas, and that service of summons could not be obtained upon it in this state. Publication was duly made on March 31, 1891. The insurance company made a special appearance and filed a motion to set aside the service by publication, for the reason that it was an insurance company, and, as such insurance company, had complied with the laws of the state of Kansas, and that personal service could be had upon it. The motion was overruled and the insurance company duly excepted. Defendant below also moved to

dissolve the attachment, which motion was overruled and exceptions taken. Defendant below then filed a general demurrer to the first cause of action in the petition of the plaintiff below, for the reason that the cause of action was barred by the statute of limitations. The demurrer was overruled, and the insurance company duly excepted, and afterward filed a verified answer denying the agency of Clark, and also the payment of the mortgage, together with a cross-petition, asking judgment on the note and for foreclosure of the mortgage. To this answer the plaintiff below filed his reply. Upon these issues the case was tried before the court and a jury and resulted in a verdict for the plaintiff below. The jury also returned with their verdict special findings of fact. Defendant below filed a motion for a new trial, which was overruled and exceptions taken. Judgment was rendered by the court for the plaintiff below in accordance with the verdict of the jury. The insurance company made a case and filed it in the supreme court, and the record was duly certified to this court for review.

*Simpson & Johnson*, for plaintiff in error.
*Grattan & Grattan*, for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J.: This action was brought by Benjamin J. Stucki against the Travelers Insurance Company to recover $200, as penalty for refusing on demand to release and discharge of record a certain mortgage on real estate given by Stucki and his wife to the Travelers Insurance Company, and to remove a cloud upon his title by reason of such mortgage. The mortgage was given November 15, 1887. The

petition of the plaintiff below alleges that, on the 13t:
day of November, 1890, he paid to one E. G. Clar!
the full amount of said note and mortgage; that Clark
was the duly authorized agent of the insurance com-
pany; that on November 3,1893, he made demand upon
the insurance company to release the mortgage; that
the demand was by letter to the insurance company,
and was received by it at Hartford, Conn.

The plaintiff in error states in its brief five speci-
fications of error for which it asks the consideration
of this court. We will consider only such of the
assignments of error as we deem material to a full de-
termination of this case.

The first assignment of error complained of is that
the court erred in overruling the motion of defendant
below to dissolve the attachment. This action was
brought under chapter 175, Laws of 1889, which pro-
vides:

"When any mortgage of real property shall have
been paid, it shall be the duty of the mortgagee or his
assignee, within 30 days after demand, in case de-
mand can be made, by the mortgagor, his heirs or
assigns, or by any one acting for such mortgagor, his
heirs or assigns, to enter satisfaction or cause satis-
faction of such mortgage to be entered of record with-
out charge; and any mortgagee or assignee of such
mortgagee who shall refuse or neglect to enter satis-
faction of such mortgage as is provided by this act
shall be liable in damages to such mortgagor or his
grantee or heirs in the sum of $100, together with a
reasonable attorney's fee for preparing and prose-
cuting such suit; and the plaintiff in such action may
recover any additional damages that the evidence in
the case will warrant. Civil actions may be brought
under this act before any court of competent jurisdic-
tion, and attachment may be had as in other cases."
(Gen. Stat. 1889, ¶ 3892.)

Paragraph 4273, General Statutes of 1889, provides:

"The plaintiff in a civil action for the recovery of money may, at or after the commencement thereof, have an attachment against the property of the defendant, and upon the grounds herein stated: First, when the defendant or one of several defendants is a foreign corporation or a nonresident of this state; (but no order of attachment shall be issued on the ground or grounds in this clause stated for any claim other than a debt or demand arising upon contract, judgment, or decree, unless the cause of action arose wholly within the limits of this state, which fact must be established on the trial.)"

The statute authorizes the granting of an attachment for refusal to enter satisfaction of a mortgage on demand, after payment in full, as in other cases. The ground laid in the affidavit for the attachment is that the defendant below is a foreign corporation, and, if all other conditions exist authorizing the attachment of the property of a foreign corporation, an attachment may be maintained for refusal or neglect to release a mortgage on real estate that has been fully paid, when demand has been properly made.

It is claimed that the petition and affidavit for attachment of the plaintiff below show that his cause of action did not wholly arise within the state of Kansas, and for this reason an attachment could not be maintained. The petition alleges the borrowing of a certain sum of money, the giving of a note therefor, and the execution of a mortgage on land in McPherson, county, Kansas, to secure the payment of the same, the recording of the mortgage in the office of the register of deeds in said county, and the payment of the note and mortgage in full. All of these acts were alleged to have been done in Kansas. The Travelers Insurance Company, being a foreign cor-

poration and having its general office and place of business at Hartford, Conn., the demand for the release of the mortgage was made on it by letter, and received by it at its office in Hartford, Conn. The mortgage is alleged to have been paid November 13, 1890, and demand made November 3, 1893, upon the insurance company to release the mortgage.

Section 190 of the code of civil procedure, which specifies the grounds for which an attachment may issue, provides that an attachment may issue where the defendant or any one of the defendants is a foreign corporation, or a nonresident of the state, but no order of attachment shall be issued on the grounds of foreign corporation or nonresidency for any claim other than a debt or demand arising upon contract, judgment, or decree, unless the cause of action arose wholly within the limits of this state. The cause of action in this case is not a debt or demand arising upon contract, judgment, or decree. Then the question arises, Did the cause of action arise wholly within the limits of this state?

The statute makes it the duty of a mortgagee or his assignee, whenever the mortgage has been paid in full, to enter satisfaction within 30 days after payment and demand to release the mortgage, and, if the mortgagee or his assignee refuse or neglect to enter satisfaction of the mortgage within 30 days after payment and demand to release, he becomes liable in damages to the mortgagor or his grantee or heirs in the sum of $100, together with a reasonable attorney's fee for preparing and prosecuting a suit to recover such damages. No cause of action arises against a mortgagee or his assignee until 30 days after demand has been made upon him to release the mortgage. No cause of action arose against the Travelers Insurance Company until 30

days after it received the letter making demand, and it then had its general office and place of business outside of the state, and the demand was made outside of the state, and its refusal or neglect to release the mortgage occurred outside of the state, and upon these facts it cannot be said that the cause of action arose wholly within the limits of this state, and the motion to dissolve the attachment should have been sustained. (*Stone v. Boone*, 24 Kan. 337.)

We pass now to the third assignment of error. The defendant below demurred to the first cause of action set up in the petition of the plaintiff below, for the reason that the petition showed upon its face that the plaintiff's cause of action was barred by the statute of limitations. The petition alleges that he paid the mortgage in full on November 13, 1890, and the only demand that he made for its release was made November 3, 1893, by letter delivered to the Travelers Insurance Company at the city of Hartford, Conn., three years after the payment of the mortgage. The petition states no reason or gives no excuse why the demand was not made sooner. This was an action to recover a penalty for refusal to release a mortgage. The act prescribing the penalty provides no limitations within which the action must be brought. The mortgagor is then remitted to his rights and remedies under the code of civil procedure, which limits his right to bring his action within one year after the right of action has accrued.

In the case of *Wey v. Schofield*, 53 Kan. 249, JOHNSTON, J., delivering the opinion of the court, says :

"While there is some contention that the whole of the debt secured by the mortgages had not been paid, the principal contention is that the action to recover the penalty has been barred by the statute of limitations. There being no limitation upon the bringing

of the action in the statute imposing the penalty, it can only be brought within one year after the cause of action shall have accrued. (Civil Code, § 18, subdiv. 4.) Before an action can be maintained to recover this penalty, a demand must be made by the mortgagor for the release of the mortgages, but he cannot extend the statutory period of limitation by an unreasonable delay in making such demand. Much more than a year elapsed between the time of payment and when a demand for a discharge of record might have been made before the demand was actually made. The preliminary step essential to the maintenance of an action was to be taken by the mortgagor, and it is generally held that a party who must take affirmative action to obtain a right or remedy cannot safely sit still when he might act, nor long delay the taking of such initiatory steps as would enable him to maintain an action and avert the ordinary penalty of delay. The statute of limitations 'will begin to run within a reasonable time after he could by his own act have perfected his right of action, and such reasonable time will not in any event extend beyond the statutory period fixed for the bringing of such action.' (*A. T. & S. F. Rld. Co. v. Burlingame Township*, 36 Kan. 628; *Rork v. Comm'rs of Douglas Co.*, 46 id. 175; *Bauserman v. Charlott*, 46 id. 480; *Kulp v. Kulp*, 51 id. 348; *Bauserman v. Blunt*, 13 Sup. Ct. Rep. 466.) As the demand was not made until after the statutory period of limitation had elapsed, and no good excuse is given for the delay, it must be held that the mortgagor was too late in bringing the action."

The judgment of the district court must be reversed.

All the Judges concurring.