## CITY OF CENTERVILLE v. TURNER COUNTY.

Sess. Laws 1890, p. 293, c. 134, provides that the county treasurer shall receive a stated salary, and that all fees and commissions received by him shall be turned into the salary fund, and that the excess of such salary fund shall be turned into the county general fund. Comp. Laws, § 1417, provides that each county treasurer shall receive for his services, on all money collected by him 4 per cent. Rev. Pol. Code, § 1265, passed as a part of chapter 37, p. 112, Sess. Laws 1890, provided that the county treasurer shall collect city and school taxes in the same manner as other taxes, and shall retain 1 per cent. as his commission for collecting the same. Sess. Laws 1890, p. 112, c. 37, provides that "all acts and parts of acts inconsistent with this act are hereby repealed." Comp. Laws 1903, § 1417, which was carried into the Revised Political Code as section 1836, provides that "each county treasurer shall receive for his services on all money collected by him for each fiscal year four per cent,. except as is otherwise expressly provided by law." **Held,** that a county treasurer was not entitled to retain but 1 per cent. for the collection of the city taxes of a city of the third class.

Under Rev. Code Civ. Proc. § 60, subd. 2, fixing a limitation of six years for an action upon a liability created by statute, other than a penalty or forfeiture, a city must bring a suit against a county to re cover an excessive amount of the city taxes retained by the county treasurer as collection fees, within six years after the statutory time when the taxes shall be paid by the county treasurer to the city, although no demand for payment was made on the county treasurer within the terms of Rev. Pol. Code, § 1265, providing that the city taxes collected by the county treasurer shall be paid over to the city treasurer on the first day of every month on demand, as the city cannot take advantage of its own failure to make a demand, and thus, stay the running of the statute.

(Opinion filed, June 26, 1909.)

Appeal from Circuit Court, Turner County.    Hon. · E. G. Smith, Judge.

·    Action by the City of Centerville against Turner County. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

*L. L. Fleeger,* for appellant.    *Alan Bogue, Jr.,* for respondent.

McCOY, J. Trial was had in the lower court upon an agreed statement of facts, from which it appears that the plaintiff below and respondent here is a city of the third class, situated within the defendant, Turner county; that between the 20th day of November, 1894, and the 1st day of December, 1906, the duly elected, qualified, and acting county treasurers of defendant county, as officers thereof, collected from plaintiff the sum of $38,621.85 in taxes, as the city tax for the said city, and that the said amount of taxes was paid to the respective treasurers of said county by the taxpayers of said city; that at several times during each year, from November, 1894, to the 1st day of December, 1906, the respective treasurers of said county remitted to said city the city taxes so collected during said period, less 4 per cent. of the total amount of said taxes so collected, which the said treasurers retained as a commission for collecting the said taxes; that the total amount retained by said treasurers during the said period was $1,544.73, or 4 per cent. of the total amount so collected; that the said treasurers during said period deposited the said sum of $1,544.73, so retained as such commissions, in the special salary fund of the said county; that out of the said salary fund certain officers' salaries were paid, and the balance remaining in said fund, at the end of each fiscal year, was deposited by the proper county officer in the general fund of the county, for the use and benefit of the said county; that on the 4th day of January, 1907, the plaintiff presented to the said county a duly verified account showing the receipts and disbursements of said taxes, and the amount retained by said county as commissions, viz., $1,544.73, being 4 per cent. of the total tax so collected, and demanded that said county account for, and pay to, plaintiff city $1,158.54, the difference between 1 per cent. and 4 per cent. of the total tax so collected, and the defendant rejected and disallowed the whole of said demand, and refused to pay to plaintiff the said $1,158.54, or any part thereof.

The trial court made findings of fact embracing the foregoing statement of fact. The trial court also made conclusions of law; the third, fourth, and fifth being as follows: "(3) That the defendant is made by law the agent of the plaintiff to collect, and enforce the collection of, the said taxes, and the relationship ex-

isting between the plaintiff and defendant is a fiduciary one, and the said taxes when so collected by the county became, and is, a trust fund in the possession of the said county acting as a trustee of an express·trust. (4) That the defendant county is now holding and retaining the sum of $1,158.54 as taxes belonging to the plaintiff (being the difference between 1 per cent. and 4 per cent. of the total taxes so collected), for which defendant must account to plaintiff. (5) That the plaintiff is entitled to judgment against the defendant for the sum of $1,158.54, with interest thereon at the rate of 7 per cent. per annum from January 8, 1907, and for costs: Let judgment be entered accordingly." To each of the foregoing conclusions of law the defendant duly excepted, and judgment was thereafter rendered and entered in accordance with the foregoing conclusions. The appellant contends that the trial court erred in making conclusions of law numbered 3, 4, and 5, and also erred in entering judgment in accordance with such findings. The appellant contends that the fourth conclusion of law is erroneous, for the reason of the provisions of section 1417, Comp. Laws, providing that each county treasurer shall receive for his services, on all money collected by him for each fiscal year, 4 per cent. and the provisions of chapter 134, p. 293, Sess. Laws 1890, providing that the county treasurer shall receive for his services a stated salary, and that all fees and commissions received by him shall be turned into the county salary fund, and that the excess of such salary fund, if any, after paying designated salaries, shall be turned into the county general fund, entitled the defendant to retain 4 per. cent. of the said taxes so collected for the said city. On the other hand, the respondent contends that, under section 1265, Rev. Pol. Code, passed as a portion of chapter 37, p. 62, Sess. Laws 1890, providing that the county treasurer shall collect and enforce the collection of the city and school tax with, and in the same manner as other taxes, and shall pay over to the city treasurer, on the first day of every month on demand, all such taxes so collected during the preceding month, retaining 1 per cent. of such taxes as his commission for collecting the same, the county was authorized to retain only 1 per cent. of the said taxes so collected for the city. In this contention we believe respondent'

is in the right.    Next to the last section of chapter 37, p. 112, Laws 1890, provides that "all acts and parts of acts inconsistent with this act are hereby repealed," and we are of the opinion that this provision operated to repeal section 1417, Comp. Laws, to the extent and in so far only as it relates to the collection of city and school taxes in cities organized under the general law.   This seems to have been the opinion of the commission, who revised the laws of this state in 1903, as section 1417, Comp. Laws, which was carried into the Revised Code as section 1836, Rev. Pol. Code, now reads: "Each county treasurer shall receive for his services on all money collected by him for each fiscal year, four per cent. except as is otherwise expressly provided by law."    Therefore the county treasurer was authorized to retain from the city and school tax of plaintiff only 1 per cent. thereof for commissions, and that when 4 per cent. was retained the city would have the right to maintain suit and recover the excess so retained over 1 per cent.

The appellant further contends that, in the event the plaintiff should recover the excess of 1 per cent. that had been retained by defendant the portion of the said taxes which were collected by the said county treasurers for the period of time between the 20th day of November, 1894, and more than six years prior to the date of the commencement of this action, are barred by the statute of limitations, and that it was error to render judgment for the full amount for the entire time from November 20, 1894; this action having been commenced on January 10, 1907.    In this contention we believe appellant is right.    Appellant properly pleaded the statute of limitations as to this portion of plaintiff's claim.   It is contended on the part of plaintiff that inasmuch as the trial court found that the defendant is made by law the agent of the plaintiff to collect the said taxes, and that the relationship between plaintiff and defendant was a fiduciary one, and that said taxes, when collected, were a trust fund in the hands of the defendant, in the execution of an express trust, the statute of limitations will not run.    This seems to be the general rule in some jurisdictions where there has been a misappropriation of trust funds; but, even in those jurisdictions, it seems to be held that, where the public officer or municipality retains the money under claim or color of right,

as· in the case at bar, ·then·'the ·statute of. limitations applies, ánd
that the claim will ·be ·barred after · the statutory limit has ·expiréd.
.25 Cyc. 1164; ·Newsom v. Bartholomew, 103:Ind.· 526, 3 N. ·E·. 163·,
Churchman 'v. Indianapolis, 110· Ind.· 259,· 11 N.· E. ·301 ; Jasper
Twp. v. Wheatland Twp., 62 Iowa 62, 17·N. W. 205.· But what-
ever the rule may ·be in ·other jurisdictions, we ·are of ·the' opinion
that·section 60, subd. 2, Rev.· Code Civ. Proc.,·providing: '"Within
six years : An action upon a ·liability created by statute, other than
a penalty or forfeiture"—is conclusive of this question. ·The··right
to recover in· this action is upon a· liability· created· by statute.
Other jurisdictions having a similar statute of limitations on this
point uniformly seem ·to 'hold that it applies to this· very character
of action, and that authorities in jurisdictions without such a stat-
ute are not applicable even in trust cases.  25 Cyc.· 1052, and cases
there cited under notes 29 and 30.

It will be observed that section 1265, Rev. Pol. Code, provides
that the city and school taxes collected by the county treasurer shall
be paid over to the city treasurer on the first day of every month
on demand; and, although the fact that a suit might not be main-
tainable against the treasurer of the county ·before demand made
(a question which it is not necessary to decide in this case), still
that would avail the plaintiff nothing in the case at bar.·  "Al-
though a demand may have been necessary before cause of action
could accrue, a· party cannot take advantage of his own failure
to make a demand in order to prevent the running of the ·statute,
where the period of limitation has already elapsed.  To hold other-
wise would put it in the power of· the party to destroy the benefi-
cial effect of the statute."  Newsom v. Board of Com'rs, 103 Ind.
526, 3 N. E. 163 ; 25 Cyc. 1207.  And where the demand is a pre-
liminary step referring only to the remedy, and not to the right,
the action will be barred if the demand is not made within the
statutory period.  This rule is applicable to suits· against public
officers and municipalities.  Easton v. Sorenson, 53 Minn. 309, 55
N. W. 128; 25 Cyc. 1209.  Again, where the statute fixes the
time when the demand shall be made, the claim is barred, ·unless
the ·demand is made within the statutory period.·  This section 1265
provides that the  county treasurer shall. pay over to · the city

treasurer on the first day of each month on demand, thus fixing a time at which the demand should be made.

Each one of the payments required to be made under section 1265 being a cause of action in itself, and all such payments made prior to January 10, 1901, being barred by the statute of limitations, it is ordered that this action be remanded to the circuit court, with directions to ascertain by evidence the amount of said taxes paid to Turner county, or its treasurers, after January 10, 1901, and modify and enter judgment in favor of plaintiff for such amount as shall be found to have been so paid after said date, with costs in favor of plaintiff in the circuit court, and that appellant be awarded costs on this appeal.

SMITH, J., took no part in this decision.