## VOLLI v. WIRTH.

LIMITATION OF ACTIONS—DEMAND—ASSUMPSIT.

The statute of limitations bars an action of assumpsit for money loaned on interest, in separate items, of which the last was advanced more than seven years before any demand was made; the transaction amounting to a loan payable within a reasonable time after demand.

Error to Wayne; Donovan, J. Submitted October 28, 1910. (Docket No. 136.) Decided December 22, 1910.

Assumpsit in justice's court by Frederick Volli against Frederick Wirth, for money loaned. Defendant appealed to the circuit court. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Affirmed.

*Lehman, Riggs & Lehman,* for appellant.

*Merriam, Yerkes, Simons & Ladd,* for appellee.

This action was begun in justice's court, where the plaintiff declared, orally, upon the common counts in assumpsit and filed a bill of particulars, the last item of which was money delivered to defendant December 11, 1898. The plea was the general issue, with notice that the cause of action was barred by the statute of limitations. In the circuit court the cause came on to be tried October 22, 1909, and counsel for plaintiff made an opening statement to the jury. This statement, in substance and effect, was that plaintiff came to this country from Germany in 1889 and became acquainted with the defendant—

" I think during the first or second year he was in this country, at any rate, within the first years he was in this country, he was out of employment, and not feeling very well, and he went to Mr. Wirth's and stayed there, and made it his home, and while there he let Mr. Wirth have $40 dollars, without any statement about the interest. He just let him have it to take care of, and upon the express agreement that when he wanted the money, he should tell Mr. Wirth that he wanted it, and then Mr. Wirth, after being told that he wanted it, was to have a reasonable time to raise the money, and not be crowded. And the thing ran along a year or such a matter, and he let him have $12 more on the same arrangement—nothing said about interest—just let him have it to take care of it; and it was stated when he wanted it he would pay him the two sums together. And about a year after that, $18; and about a year after that, and, I think, the latter part of the year 1898, Mr. Volli had some money in the City Savings Bank, and Mr. Wirth wanted to use some money, and he spoke to him about it, and he either drew the whole sum, or the principal portion of it, from the bank and gave it to him, again upon the identical same understanding he had given him the other money. He was to take care of it for him and use it, and take care of it, and nothing said about the interest, and pay him back when he wanted it, and he let him have $180 at that time. * * * And the thing ran along until about November, 1905. Mr. Volli wanted

to get his money together, and he asked Mr. Jacob Kuester, a carpenter living upon Medbury avenue, 1050 Medbury, a man whose acquaintance he had made, and a friend of his, where he sometimes stayed when he had no particular work, and he took him out and Mrs. Kuester fixed up in German a paper, an acknowledgment showing what sums of money he had let him have up to that time. And he went out then and told him he would either like to have the money or else sign an acknowledgment, because he could not tell what might happen, and Mr. Wirth says: 'You give me another year, and come again, and I will pay you the whole sum,' and he went away again, and he did not make further demand upon him at that time, until about two years after. And he * * * went out there a year ago last summer, shortly before these suits were started, and he again asked him to pay the money, or give some obligation. He says: 'You never come out here unless you bring a couple of loafers with you, and I want you to get off my farm,' and he drove them off the place. And Mr. Volli then brought suit to recover his money, and you all understand that there is a certain jurisdiction in the justice court; so he brought suit for these four sums, $40, $12, $18, and $180, and that is the suit that is now before you for determination."

At the conclusion of this statement, the attorney for defendant submitted to the court whether, assuming the facts stated to be proven, plaintiff was entitled to recover. In answer to questions by the court, the attorney for the plaintiff stated that no receipt for the money was given, no partial payment ever made, no note given, the defendant had not been absent from the State, but had lived all the time within four or five miles of the plaintiff, plaintiff had not been confined or insane. After an argument, during which plaintiff's attorney was permitted to offer in evidence a paper writing, referred to in the opening statement of counsel, which was prepared for the purpose of obtaining an acknowledgment of the debt from the defendant, the court directed a verdict for the defendant. This writing, literally translated, reads:

"I have of Mr. Frederick Volli a capital borrowed and

indeed in sums: first, $40, then $12, $18. On 26 December, 1898, the sum of $180, then later $50 and then $25; now is the sum $325 today not yet paid with interest. Detroit, the 2 Dec. 1905."

A number of requests to charge were preferred on the part of the plaintiff and refused, and exceptions were taken. The question presented by the assignments of error is, whether the action is barred by the statute of limitations; it being admitted that the last item of money involved in this suit was given to defendant December 11, 1898, and the first demand was made December 2, 1905.

OSTRANDER, J. (*after stating the facts*). The writing prepared at the instance of the plaintiff indicates that interest was due, and that interest was expected is conceded in the brief for plaintiff. It seems, then, that each transaction amounted to a lending of money, upon interest, payable within a reasonable time after demand. It is not perceived in what respect the case would be different if each time plaintiff gave defendant money he had received a demand note or a receipt for money to be accounted for on demand. And if it be assumed that an actual demand was contemplated by the parties and was necessary before an action to recover the money could be maintained, no demand was made until nearly seven years had expired after the last money was given to defendant. The court therefore was not in error in holding that the plaintiff could not recover. *Palmer* v. *Palmer*, 36 Mich. 487 (24 Am. Rep. 605); *Freeman* v. *Ingerson*, 143 Mich. 7 (106 N. W. 278).

The judgment is affirmed.

BIRD, C. J., and HOOKER, MOORE, and STONE, JJ., concurred.