THOMAS A. KELLEY *vs.* THOMAS G. PLANT CORPORATION.

Essex.     December 4, 1930. — January 6, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Limitations, Statute of. Sale,* Goods sent on approval. *Bailment. Conversion.*

In an action of tort for conversion of leather, it appeared that the plaintiff, a dealer in leather, desired to sell a certain kind of skins to the defendant; that the defendant "wanted some samples"; that the plaintiff shipped to the defendant some of that kind of skins "in the hope that . . . [he] . . . would find them satisfactory and order that type of goods"; that some of such skins were cut up shortly after their receipt by the defendant; that none of them was returned to the plaintiff; and that the plaintiff, more than eight years after the delivery of the skins, made demand upon the defendant for them and then commenced the action. The defendant pleaded the statute of limi-

tations. The trial judge ordered a verdict for the defendant. *Held,* that

(1) The transaction was governed by G. L. c. 106, § 21, Rule 3 (2);

(2) A finding was required as a matter of law that, before demand was made by the plaintiff, a reasonable time for return of the goods to the plaintiff had elapsed, so that title had passed to the defendant under that statute;

(3) The plaintiff's only cause of action was in contract for the price of the skins;

(4) Even if title to the skins had not passed to the defendant, and the defendant was a bailee thereof, the plaintiff, in order to establish a cause of action for conversion by reason of the failure by the defendant to return the goods, was bound to make demand therefor within a reasonable time after delivery, or at least within six years thereafter; and the action of tort was barred by the statute of limitations;

(5) The judge properly ordered a verdict for the defendant.

TORT. Writ dated October 15, 1927.

The pleadings and material evidence at the trial in the Superior Court before *F. T. Hammond,* J., are described in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*R. L. Sisk,* for the plaintiff.

*W. T. Snow,* for the defendant.

CARROLL, J. This action is in tort for the conversion of two lots of leather. The first count in the declaration alleges that one hundred eighty dozen black kid skins were delivered to the defendant on March 11, 1918; the second count states that one hundred ten dozen black kid skins were delivered to the defendant on May 6, 1918. The writ is dated October 15, 1927. The answer was a general denial and the statute of limitations. G. L. c. 260. The case is before us on the plaintiff's exceptions.

The plaintiff, a tanner of kid skins, from 1915 to 1924 sold to the defendant, a shoe manufacturer, each year an average of $250,000 worth of leather through the plaintiff's selling agents, Rousmanier, Williams & Company. In the year 1918 the defendant "was purchasing mostly brown or colored skins." The plaintiff testified that Brown, the defendant's purchasing agent, talked with him about "getting some black kid skins" which the plaintiff "wanted to sell the defendant"; that "he wanted some

samples to submit to the defendant "; that on March 11, 1918, he shipped to the defendant one hundred eighty dozen black kid skins and on May 6, 1918, one hundred ten dozen skins of the same quality " to order from "; that the skins " were just like all other kid skins handled by the plaintiff and which he was selling to his customers in the regular course of business "; that the goods " were sent to the defendant in the hope that . . . their buyer would find them satisfactory and order that type of goods."

The defendant admitted receiving the March shipment, but denied that it received the second lot. The trial judge excluded several offers of evidence tending to show the receipt of the second shipment; the plaintiff excepted. The only evidence tending to show what became of the skins after shipment was the statement of the defendant's purchasing agent that " he believed the first lot of leather was cut up shortly after it was received." The plaintiff offered to show by oral testimony the contents of a letter indicating that on December 9, 1926, a demand was made on the defendant for the return of the goods. There was evidence that in September, 1928, the plaintiff gave the defendant notice " of the present claim . . . as to the second lot." It was agreed that on October 13, 1927, a written demand was made on the defendant for the return of the goods.

Assuming that all the goods were received by the defendant in March and May, 1918, that written demands for the return were made in December, 1926, and September, 1928, the plaintiff cannot recover in this action of tort. He desired to sell the leather to the defendant; it was similar to the material sold to his customers in the regular course of business. The defendant was not restricted to an inspection and return, it received them as a prospective buyer and it was " the hope " of the plaintiff that the defendant " would find them satisfactory and order that type of goods." The transaction is governed by the sales act, G. L. c. 106, § 21, Rule 3 (2), which is in these words: " When goods are delivered to the buyer on approval or on trial or on satisfaction, or other similar terms, the prop-

erty therein passes to the buyer — (a) When he signifies his approval or acceptance to the seller or does any other act adopting the transaction. (b) If he does not signify his approval or acceptance to the seller, but retains the goods without giving notice of rejection, then, if a time has been fixed for the return of the goods, on the expiration of such time, or, if no time has been fixed, on the expiration of a reasonable time. What is a reasonable time is a question of fact." Title to the leather passed to the defendant either when it was cut up and used, if in fact it was used, or when retained beyond a reasonable time, and the plaintiff's right against the defendant was in contract for the price of the goods. Assuming in favor of the plaintiff that the merchandise was received in 1918, a reasonable time had elapsed before demand was made or action was brought; there was no evidence to the contrary and no evidence to support a finding that a reasonable time had not elapsed before the plaintiff made demand for the return or brought the action for conversion. More than six years had passed after the goods were received before demand was made, a reasonable time had elapsed and the title had passed to the defendant. As a question of fact no other result was reasonably possible. In our opinion, therefore, a verdict was directed for the defendant properly.

Even if the title to the goods did not pass to the defendant after a reasonable time had elapsed, and, as the plaintiff contends, the relation between the parties was that of bailor and bailee, the action for conversion is barred by the statute of limitations. G. L. c. 260, § 2. The leather was delivered without a definite date for return; the possession of the bailee was not wrongful until demand was made for the return; and the bailor could not delay indefinitely before demanding a redelivery. The governing principle is stated in *Campbell* v. *Whoriskey*, 170 Mass. 63, 67: " the time when the demand must be made depends upon the construction to be put upon the contract in each case. If the contract requires a demand without language referring to the time when the demand is to be

made, it is as if the words 'within a reasonable time' were found in it. What is a reasonable time is a question of law, to be determined in reference to the nature of the contract and the probable intention of the parties as indicated by it." There is nothing in this case to excuse the delay in making the demand of the first shipment in 1926, and of the second shipment in 1928. The rule has been laid down that, where a demand is necessary to give a cause of action, the demand must be made within the time limited for bringing an action at law. The facts here show that the case comes within this rule. *Codman* v. *Rogers,* 10 Pick. 111, 119. *Downer* v. *Squire,* 186 Mass. 189, 200. *Whitney* v. *Cheshire Railroad,* 210 Mass. 263, 268. *Pierce* v. *State National Bank of Boston,* 215 Mass. 18. As no demand for a return of the goods was made until after six years had passed, the action was barred by the statute of limitations, G. L. c. 260, § 2, and, assuming that the defendant was a bailee, the verdict in its favor was ordered correctly.

In this discussion we have not thought it necessary to consider the exceptions of the plaintiff to the evidence offered or excluded, for we have assumed that the goods were delivered to the defendant and demand made as contended by the plaintiff.

*Exceptions overruled.*