[No. 24219. Department Two. March 28, 1933.]

TYYNE TEMIRECOEFF, *as Administratrix, Respondent,*
v. AMERICAN EXPRESS COMPANY, *Appellant.*[1]

*Kahin & Carmody* and *Orlo B. Kellogg,* for appellant.

*A. E. Cross, Clark W. Adams,* and *W. H. Abel,* for respondent.

MAIN, J.—This action was brought to recover money delivered to the defendant to be transmitted to Russia and there placed to the credit of the plaintiff. The defendant denied liability, and pleaded as an affirmative defense the statute of limitations. Subsequent to the trial and prior to the entry of the judgment, the plaintiff died, and the administratrix of his estate was substituted as party plaintiff. The trial resulted in

[1]Reported in 20 P. (2d) 23.

findings of fact, from which it was concluded that the plaintiff was entitled to recover. Judgment was entered against the defendant in the sum of $2,047.50 and interest, from which it appeals.

The facts which will present the controlling question are not in dispute, and may be summarized as follows: November 14, 1917, Hazibee Temirecoeff, the original plaintiff, delivered to the appellant, the American Express Company, the sum of $2,047.50, at its Seattle office, which was to be transmitted to a certain town in Russia and there deposited in a bank to the credit of the sender. At the time the money was delivered, there was issued by the appellant what is designated "Foreign Money Order Receipt," which provided for "Return Bank Book."

The Seattle office transmitted the money to its New York office, and there the money was converted into Russian rubles, purchasing 15,000 thereof. A remittance of the rubles was made to a bank in Petrograd, Russia, with direction to deposit the same to the credit of Temirecoeff at the designated bank and return the bank book. Subsequent to this, owing to the disturbed conditions in Russia, it was not possible to ascertain, though the appellant used every diligent effort to do so, whether the remittance had ever reached Petrograd or what became of it.

The trial court found, based on the testimony of Temirecoeff, that, within three or four months after the money was delivered at the Seattle office, Temirecoeff called at that office to receive his bank book, and was informed by the agent of the appellant then in charge that the remittance had been forwarded to Russia for deposit, but, owing to the disturbed and unsettled conditions which prevailed in that country, the return of the bank book would be delayed, and requested that he call again in about a month. From

that time forward, every two or three months thereafter, Temirecoeff called at the Seattle office and there was made to him practically the same statement as that indicated on his first call after having delivered the money. This continued until February 4, 1927, on which date Temirecoeff demanded the return of his money. The present action was begun January 23, 1930.

From the facts stated, it appears that Temirecoeff did not demand a return of the money until approximately nine years and three months after it had been delivered to the appellant at its Seattle office. For the purposes of this case, it will be admitted that, had Temirecoeff, at any time within the period of the statute of limitations, demanded the return of his money, he would have been entitled to it, notwithstanding the fact that the failure of the appellant to perform the contract was due to the disturbed conditions in Russia.

The decisive question upon the appeal is whether the statute of limitations was a bar to the action. Rem. Rev. Stat., § 157, provides that an action upon a contract in writing, "or liability express or implied" arising out of a written contract, must be brought within six years. Section 159 of the same chapter provides that an action upon a contract or liability, "express or implied, which is not in writing, and does not arise out of any written instrument," must be brought within three years. It is not necessary here to determine which of these statutes is applicable, because, as already indicated, the time that elapsed between the delivery of the money and demand for its return greatly exceeded the period of six years. Where the right of action depends upon some act to be performed preliminary to the commencing of suit and the one whose duty it is to perform this act is

under no restraint or disability in the performance thereof, "he cannot suspend indefinitely the running of the statute of limitations by delaying the performance of the preliminary act." *Douglas County v. Grant County,* 98 Wash. 355, 167 Pac. 928; *Carstens Packing Co. v. Granger Irr. District,* 160 Wash. 674, 295 Pac. 930.

In the case now before us, the preliminary act which Temirecoeff was required to perform before he could maintain an action for the return of his money was to make a demand therefor or give notice of his election to rescind. This not having been done for more than six years after the money was delivered, the statute of limitations is a bar to the action, unless that statute was tolled by reason of the fact that Temirecoeff repeatedly during the nine-year period called at the office of the appellant and was assured that in time the bank book would be returned, showing that he had a credit in the designated bank, but that the delay was due to the disturbed conditions in Russia.

Section 176, which is in the same chapter as the two sections of the statute above mentioned, provides:

"No acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this chapter, unless the same is contained in some writing signed by the party to be charged thereby; . . ." Rem. Rev. Stat., § 176.

It will be observed that, by this statute, no acknowledgment or promise is sufficient evidence of "a new or continuing contract" which would remove the bar of the statute of limitations unless such acknowledgment or promise shall be in writing. In *Zuhn v. Horst,* 100 Wash. 359, 170 Pac. 1033, it was held, construing this statute, that a new promise, based upon a good

consideration, after the statute of limitations had run, would not remove the bar of the statute unless such new promise was in writing, as therein required. The statute, as already indicated, refers to evidence of a new or continuing contract, and the case cited was based upon what was claimed to be a new contract. The case now before us rests upon a continuing contract which arose at the time the money was delivered to the appellant, and which was the implied obligation to return the money if the contract was not carried out. The fact that Temirecoeff was, from time to time, assured by the agent of the appellant that the remittance would get through and the bank book returned, not having been in writing, does not meet the requirements of the statute.

There is no substantial distinction between this case and that of *Zuhn v. Horst, supra.* Cases from other jurisdictions where there is no statute like or similar to the one here involved are not of controlling importance. Were it not for the statute, the case of *Schochet v. Public Nat. Bank of New York,* 127 Misc. Rep. 447, 216 N. Y. Supp. 362, would support the respondent's contention that the statute had been tolled. Since Temirecoeff did not demand the return of his money until after the statute of limitations had fully run, the defense of the statute must prevail and bar a recovery.

The judgment will be reversed, and the cause remanded with direction to the trial court to dismiss the action.

BEALS, C. J., STEINERT, BLAKE, and TOLMAN, JJ., concur.