No. 31,566

C. J. McCormick, *Appellee,* v. E. L. McCormick, *Appellant*
(Eunice McCormick, *Defendant*).

(33 P. 2d 942.)

Opinion filed
July 7, 1934.

*O. O. Osborn,* of Stockton, and *C. L. Thompson,* of Hoxie, for the appellant.
No appearance was made for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action for an accounting of a partnership. Judgment was for one defendant for money claimed to have been loaned to the partnership. One member of the partnership appeals.

The facts are simple. For some years C. J. McCormick and E. L. McCormick, his brother, were partners operating farm lands located in Rooks and Sheridan counties. In April, 1915, C. J. McCormick and Eunice McCormick were married. After the marriage E. L. McCormick continued to live on the farm with C. J. McCormick and his wife Eunice.

In 1928 C. J. McCormick filed an action for partition and accounting. Eunice McCormick was made a party defendant. Her answer alleged in part as follows:

"That on or about the ―― day of April, 1915, this defendant, Eunice McCormick, was married to the plaintiff, C. J. McCormick, and at that time said defendant, Eunice McCormick, was possessed of the sum of $450 in money. That from time to time thereafter during the years 1915, 1916 and 1917, and perhaps at a later period, this defendant advanced and furnished to the said firm said funds amounting in the aggregate to the sum of $450, and the same was used in the business of said firm. There was an oral agreement that said firm would repay said sum to this answering defendant, said oral agreement having been made between the firm individually. No part of said funds have been repaid, and said firm is indebted to this answering defendant in the said sum of $450 with interest."

E. L. McCormick filed a reply to that answer in which he alleged that Eunice McCormick had waived her claim by laches. Trial was had before the court and a judgment was rendered in favor of Eunice McCormick for $450. This appeal is from that judgment.

At the trial counsel for Eunice McCormick stated that she loaned this money to the partners during 1915, 1916 and 1917, and that she bought furniture, linoleum and things used in the home for the benefit of E. L. McCormick, C. J. McCormick and Eunice Mc-Cormick. She stated that 1917 would be the date from which interest would be claimed because that was when the last money was loaned. At the conclusion of this statement E. L. McCormick moved for judgment on the pleadings and statement of counsel because the statement showed that the claim was barred by the statute. This motion was overruled.

The evidence of Eunice McCormick bore out the statement of counsel with the addition that she testified that E. L. McCormick said "I could go ahead and use the money about the place"; that "they were borrowing money and would pay me the same as the bank." C. J. McCormick testified substantially the same as his wife. The only way in which the evidence of E. L. McCormick differed was that "Nothing was said to Mrs. McCormick or her husband about loaning what money she had to the partnership." E. L. McCormick demurred to the evidence of Eunice McCormick. The demurrer was overruled, and judgment was rendered for Eunice McCormick for the amount claimed. From that judgment E. L. McCormick appeals. He argues that the evidence shows that no time was fixed for payment of the money, that it became due at the time of the last payment, and that since this was in 1917 and the action is for the recovery of money on a contract not in writing R. S. 60-306 applies, and the action was barred after three years.

No brief is furnished this court by Mrs. McCormick, and the record brought here by the prevailing party is but a meager one. We are not able, therefore, to ascertain just what the theory was upon which Mrs. McCormick prevailed in the trial court. We will presume, however, that the trial court concluded that it was necessary that a demand be made by her for the payment of the obligation before suit could be brought and that the statute did not commence to run until that was done.

The rule is, however, that where some action is a prerequisite to

the bringing of a suit and such action rests with the claimant he cannot defeat the operation of the statute of limitation by long and unnecessary delay in taking the required step, and the statute will begin to run within a reasonable time after the party could, by his own act, perfect his right, which reasonable time will not in any event extend the statutory time for bringing the suit. (See *West v. Bank,* 66 Kan. 524, 72 Pac. 252, and cases there cited; *Marsh v. Brown-Crummer Inv. Co.,* 138 Kan. 123, 23 P. 2d 465.) No reason appears in this record why this action was not brought sooner. It is an action on a contract not in writing.

Such an action must be brought within three years. (See R. S. 60-306, second clause.)

This action was not brought until about nine years after the statute started to run; hence, it is barred.

The judgment of the trial court is reversed with directions to enter judgment for defendant, E. L. McCormick, against defendant, Eunice McCormick.