## GOSSARD v. GOSSARD.
### No. 3084.

Circuit Court of Appeals, Tenth Circuit.
April 27, 1945.

Thomas K. Hudson, of Denver, Colo. (Clarence W. Button, of Denver, Colo., on the brief), for appellant.

Ernest B. Fowler, of Denver, Colo. (Donald M. Lesher, of Denver, Colo., on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

On March 29, 1944, Sarah L. Gossard, as administratrix of the estate of J. W. Gossard, deceased, commenced an action against H. W. Gossard on the following instrument in writing:

"Chicago Jan 30, 1903

"Due J. W. Gossard, on demand ten thousand $10,000.00) of The H. W. Gossard Co.—stock which I now hold.

"H. W. Gossard."

In her complaint the administratrix alleged that on or about January 30, 1903, H. W. Gossard received from J. W. Gossard "ten thousand dollars of the H. W. Gossard Company stock"; that, thereupon, H. W. Gossard executed and delivered the above instrument to J. W. Gossard; that on June 5, 1943, the administratrix, as the guardian of J. W. Gossard, prior to his decease demanded that H. W. Gossard de-

liver such stock and that the latter refused so to do.

H. W. Gossard interposed a motion to dismiss the action on the ground that the complaint failed to state a claim against him upon which relief could be granted. The trial court sustained the motion and dismissed the action. The administratrix has appealed.

■ The law of the place where a contract is made governs its nature, validity, and interpretation, unless it appears that the parties, when entering into the contract, intended to be bound by the law of some other place.[1]

., An Illinois statute, in force at the time the instrument was executed, in part provided:

"All promissory notes, bonds, due bills and other instruments in writing, made * * * by any person * * * whereby such person promises or agrees to pay any sum of money or articles of personal property, or any sum of money in personal property, or acknowledges any sum of money or article of personal property to be due to any other person, shall be taken to be due and payable, and the sum of money or article of personal property therein mentioned shall, by virtue thereof, be due and payable as therein expressed."[2]

■ Under this statute the instrument was a due bill and it possessed the characteristics of a promissory note.[3] Counsel for H. W. Gossard assert that, since the due bill was payable on demand, the cause of action accrued and the statute of limitations commenced to run on the date of the delivery of the instrument. It is a general rule that a negotiable instrument, payable on demand, becomes due immediately and that the statute of limitations begins to run from the date of its execution and not from the date of the demand.[4]

However, we do not regard the general rule as applicable in this case. In Stewart v. Smith, 28 Ill. 397, 407, the court held: "When the instrument is for the delivery of property, a demand before suit must be alleged and proved." If the transaction constituted a bailment, the rule in Colorado is, the statute does not begin to run until after the demand. Bowes v. Cannon, 50 Colo. 262, 116 P. 336, 339; Schwartz' Estate v. Silvey, 101 Colo. 336, 73 P.2d 994, 996.[5]

■ But, where a demand is a condition precedent to the right to bring an action, and the time of such demand is within the control of the promisee, he is under the duty to make it within a reasonable time.[6] Otherwise, such a promise might be kept on foot indefinitely at the will of the promisee. The promisee cannot postpone the demand indefinitely and by his procrastination keep alive claims that would otherwise become dormant and grow stale and the enforcement of which would be offensive to the policy of the law.[7]

■ For the purpose of setting the statute of limitations in operation, where no demand is shown to have been made, a demand will be presumed at the expiration of the reasonable period within which it

[1] Consolidated Flour Mills Co. v. File Bros. Wholesale Co., 10 Cir., 110 F.2d 926, 929, and cases cited in Note 7 therein; Cockburn v. Kinsley, 25 Colo. App. 89, 135 P. 1112, 1113, 1114; Des Moines Life Ass'n of Des Moines, Iowa, v. Owen, 10 Colo.App. 131, 50 P. 210, 211; Wolf v. Burke, 18 Colo. 264, 32 P. 427, 428, 19 L.R.A. 792; Harper v. People, 2 Colo.App. 177, 29 P. 1040, 1041.

[2] R.S.Ill., 1874, § 3, p. 718, Smith-Hurd Ill.Ann.St., ch. 98, § 1.

[3] Stewart v. Smith, 28 Ill. 397, 406, 407; Archer v. Claflin, 31 Ill. 306, 315; Jacquin v. Warren, 40 Ill. 459, 461, 462; Laughlin v. Marshall, 19 Ill. 390, 392.

[4] Sullivan v. Ellis, 8 Cir., 219 F. 694, 696; Note, 44 A.L.R. p. 397. Cf. Baxter v. Beckwith, 25 Colo.App. 322, 137 P. 901, 902.

[5] See, also, Ganley v. Troy City National Bank, 98 N.Y. 487, 494.

[6] Johnston v. Keefer, 48 Idaho 42, 280

P. 324, 325; Kelley v. Thomas G. Plant Corporation, 274 Mass. 102, 174 N.E. 224, 225; Temircoeff v. American Express Co., 172 Wash. 409, 20 P.2d 23, 24; Bell v. Brady, 346 Pa. 666, 31 A.2d 547, 549; McCormick v. McCormick,140 Kan. 38, 33 P.2d 942, 943, 944; Ilse v. Burgess, 28 Cal.App.2d 654, 83 P.2d 527, 528, 529; Lovrien v. Oestrich, 214 Iowa 298, 242 N.W. 57; West v. American Telephone & Telegraph Co., 6 Cir., 108 F.2d 347, 351; Norwood Trust Co. v. Twenty-Four Federal Street Corp., 295 Mass. 234, 3 N.E.2d 826, 828; Quigley v. W. N. Macqueen & Co., 321 Ill. 124, 151 N.E. 487, 489; Sullivan v. Ellis, 8 Cir., 219 F. 694, 697; Codman v. Rogers, 10 Pick. 111, 119; Massie v. Byrd, 87 Ala. 672, 6 So. 145, 147. See, also, cases in Notes 8, 9, and 10, post.

[7] Wright v. Paine, 62 Ala. 340, 346, 34 Am.Rep. 24; Laforge v. Jayne, 9 Pa. 410, 411.

should have been made, which is ordinarily the period of the statute of limitations.[8]

■ Under one line of authority, the statute of limitations begins to run upon the making of a demand within a reasonable time, or, if no demand is shown to have been made, at the expiration of such reasonable time when a demand will be presumed to have been made.[9] Under another line of authority, it is held that the cause of action accrues for the purpose of setting the statute in motion as soon as the promisee by his own act can make the demand payable, and that on the expiration of the statutory period thereafter without demand, the action is barred.[10] Here, the demand was made 40 years, 4 months, and 5 days after the date of the instrument. No facts are alleged excusing or explaining the long delay. We deem it unnecessary to determine which of the foregoing rules should be applied in the instant case. We are of the opinion that under either the action must be regarded as barred by the statute of limitations. To hold otherwise would afford a remedy after a lapse of time more than twice the common-law period of prescription and more than twice the period after which presumption of payment arises at common law.

■ Under Rule 9(f) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for the District Courts of the United States, for the purpose of testing the sufficiency of a pleading, averments of time and place are material, and where a complaint shows on its face that the action is barred by the statute of limitations, the defense can be raised by motion to dismiss.[11]

Affirmed.

---

[8] Voss v. Bachop, 5 Kan. 59, 68; Waterman v. Brown, 31 Pa. 161, 165; Topham v. Braddick, 1 Taunt. 572, 127 Reprint 956; Massie v. Byrd, 87 Ala. 672, 6 So. 145, 148; Keithler v. Foster, 22 Ohio St. 27, 32.

[9] Massie v. Byrd, 87 Ala. 672, 6 So. 145, 148; Keithler v. Foster, 22 Ohio St. 27, 32; Travelers' Ins. Co. v. Stucki, 4 Kan.App. 424, 46 P. 42, 44; Colwell v. Colwell, 92 Or. 103, 179 P. 916, 918, 4 A.L.R. 876; Beury Bros. Coal & Coke Co. v. Fayette County Court, 76 W.Va. 610, 87 S.E. 258; Bell v. Brady, 346 Pa. 666, 31 A.2d 547, 549, 550; Johnston v. Keefer, 48 Idaho 42, 280 P. 324, 325; Williams v. Bergin, 116 Cal. 56, 47 P. 877, 878; In re Gardner's Estate, 228 Pa. 282, 77 A. 509, 511, 29 L.R.A.,N.S., 685; Smith v. Smith's Estate, 91 Mich. 7, 51 N.W. 694, 695; Daugherty v. Wheeler, 125 Ind. 421, 25 N.E. 542, 543; Thompson v. Whitaker Iron Co., 41 W.Va. 574, 23 S.E. 795, 797, 798; McCormick v. McCormick, 140 Kan. 38, 33 P.2d 942, 944; Burnham v. Borden Co., 121 N.J.L. 435, 3 A.2d 151, 157.

[10] Palmer v. Palmer, 36 Mich. 487, 494, 24 Am.Rep. 605; Caner v. Owners Realty Co., 33 Cal.App. 479, 165 P. 727, 728; Newson v. Bartholomew County, 103 Ind. 526, 3 N.E. 163, 165; High v. Shelby County, 92 Ind. 580, 588, 589; Ball v. Keokuk & N. W. R. Co., 62 Iowa 751, 16 N.W. 592, 594; Codman v. Rogers, 10 Pick. 112, 118, 119; Travelers' Ins. Co. v. Stucki, 4 Kan.App. 424, 46 P. 42, 44; Volli v. Wirth, 164 Mich. 21, 129 N.W. 9, 10, 37 L.R.A.,N.S., 297; Fellows v. National Can Co., 6 Cir., 257 F. 970, 979; City of Centerville v. Turner County, 23 S.D. 424, 122 N.W. 350, 352; Douglas County v. Grant County, 98 Wash. 355, 167 P. 928, 929; Kelley v. Thomas G. Plant Co., 274 Mass. 102, 174 N.E. 224, 225; Norwood Trust Co. v. Twenty-Four Federal Street Corp., 295 Mass. 234, 3 N.E.2d 826, 828; Lovrien v. Oestrich, 214 Iowa 298, 242 N.W. 57; Dean v. Iowa-Des Moines Nat. Bank & Trust Co., 227 Iowa 1239, 281 N.W. 714, 290 N.W. 664, 665, 128 A.L.R. 137; Quigley v. W. N. Macqueen & Co., 321 Ill. 124, 151 N.E. 487, 489.

[11] A. G. Reeves Steel Const. Co. v. Weiss, 6 Cir., 119 F.2d 472, 476; Hartford-Empire Co. v. Glenshaw Glass Co., D.C.Pa., 47 F.Supp. 711, 714; Wright v. Bankers Service Corporation, D.C.Cal., 39 F.Supp. 980, 984.