# Finkbone's Appeal.

1. The Statute of Limitations does not begin to run until the cause of action has accrued.

2. Where a deposit is made to be returned on demand the Statute of Limitations does not begin to run until after demand is made.

3. Where two receipts for money are written upon the same paper, the first barred by and the latter within the Statute of Limitations, the latter amounts to a restatement of the account between the parties, and is a sufficient acknowledgment to remove the bar of the statute as to the first.

4. Lapage *v.* Jayne, 9 Barr 410, overruled; Girard Bank *v.* Bank of Penn Township, 3 Wright 92, affirmed.

March 7th 1878. · Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ.   WOODWARD, J., absent.

Appeal from the Court of Common Pleas of *Berks county :* Of January Term 1878, No. 257.

Appeal of Mary Finkbone from the decree of the court confirming the report of the auditor in the assigned estate of Penrose Wiley, deceased.   Dr. Penrose Wiley made an assignment for the benefit of creditors, on the 2d of September 1874, and died shortly thereafter, on the 19th of April 1875.   On the 7th of April 1876, his assignee filed an account of his trust, and before the auditor appointed to audit the same came the appellant, who claimed certain amounts of money left by her with the deceased for safe keeping.   She gave in evidence, several papers in support of her claim, among which were the following, which were both written on the same piece of paper :—

"Received of Mary Finkbone at different times since 1862, four hundred and seventy-five dollars—for safe-keeping—which is to be returned to her in such amounts as she may want.

$475.00.      Leesport, May 15, 1868.   PENROSE WILEY."

"Received October 11, 1869, of Mary Finkbone, thirty dollars, to be kept and returned to her whenever she shall want it.

$30.00                           PENROSE WILEY."

The auditor reported that the first claim for $475, was barred by the Statute of Limitations, and refused to allow it.   The appellant filed exceptions to this report, which the court, Sassaman, A. L. J., dismissed when she took this appeal.

*A. G. Green,* for appellant.—This sum was a deposit subject to be drawn at the pleasure of the depositor.   It was not an engagement to pay at any definite time, but on demand.   Until such demand and refusal to pay, no cause of action arose; nor is it necessary that the demand should be made within the six years : Girard Bank *v.* Bank of Penn Township, 3 Wright 92; Thorpe *et ux. v.*

[Finkbone's Appeal.]

Booth, 1 Ry. & Moody 468.	The second receipt is such an acknowledgment of the first indebtedness at the time the second was written as will bar the statute: Johns v. Lantz, 13 P. F. Smith 324; Patton's Executor v. Hassinger, 19 Id. 311; Suter v. Sheeler, 10 Harris 308; Yaw v. Kerr, 11 Wright 333.

*Garret B. Stevens,* for appellee.—The paper was evidently intended for a due-bill, and not having made demand within six years, appellant is barred from making this claim: Morrison v. Mullin, 10 Casey 12; Campbell v. Boggs, 12 Wright 524.	The second receipt was not such an acknowledgment as will take this case out of the statute: Burr v. Burr, 2 Casey 284; Barclay's Appeal, 14 P. F. Smith 69.

Mr. Justice GORDON delivered the opinion of the court, March 25th 1878.

The questions presented for our consideration, are, 1. Whether the paper, executed by Dr. Wiley to the appellant, is of such a character as to bring it within the operation of the Statute of Limitations? 2. Affirming this proposition, was there such a subsequent acknowledgment of the claim as relieved it from the bar of that statute?

The paper under consideration is in the words and language following, to wit: "Received of Mary Finkbone, at different times since 1862, $475—for safe-keeping—which is to be returned to her in such amounts as she may want. $475. Leesport, May 15th 1868. PENROSE WILEY." On the same piece of paper, and immediately under the above receipt, are the following: " Received October 11th 1869, of Mary Finkbone, thirty dollars, to be kept and returned to her whenever she shall want it.

"$30.	PENROSE WILEY."

It is obvious that the obligation, first above stated, is not in the nature of a due-bill, but rather in the nature of a bailment for safe-keeping, or of a deposit, to be returned on demand. It was due and payable, only, from the time when demand was made, and until such demand no suit would lie for its recovery. Such being the fact, the case is brought directly within the ruling of the Girard Bank v. The Bank of Penn Township, 3 Wright 92, wherein it was held, that the bank could not defend against a claim for a deposit, on the ground that no demand had been made therefor within six years. This decision is put upon the ground that the engagement by the bank with the depositor was not to pay absolutely and immediately, but only when payment should be required, and, that it followed, that no right of action existed, nor did the statute begin to run until after demand made. It is also noteworthy that the case of Thorpe v. Booth, 1 Ry. & Moody 388, is approved, in which the

5 NORRIS—24

same rule is applied to a note, payable on demand, given by one private person to another.

Were there no other Pennsylvania authority bearing upon this subject, we might consider the question as authoritatively settled, but we have Laforge *v.* Jayne, 9 Barr 410, which would seem to adopt a principle the very converse of that above stated. It was there held, that a promise to return a specific sum on demand, borrowed on Pike county checks, was barred by the statute if demand were not made within six years from the date of the promise; and Codman *v.* Rogers, 10 Pick. 112, was cited in support of the ruling. Now, it is remarkable, that Judge Strong, who delivered the opinion in the Girard Bank case, does not mention Laforge *v.* Jayne, though it was cited by the counsel for the plaintiff in error, but he does refer to Codman *v.* Rogers, on which it was based, in order to show that this latter case was not authority for the rule adopted. The two cases do, indeed, present some differences by which they might have been distinguished; but it was, no doubt, felt that any effort of that kind must be regarded as but a factitious attempt to exhibit a difference in cases which, though slightly variant in fact, were not so in principle, therefore the case itself was passed *sub silentio*, whilst its doctrine was overruled. We feel warranted in adopting the later case, not only because it was the more carefully considered, but also because it accords better with the general rule that the statute cannot begin to run until the cause of action has accrued.

In addition to the reason thus stated there is yet another why the statute does not operate as a bar in this case. As has already been stated, Dr. Wiley wrote the subsequent receipt of October 11th 1869, upon the same piece of paper and directly under the former. It is very certain, therefore, that the claim in controversy was, at that time, not only before his eyes but in his possession; when, therefore, he wrote the subsequent receipt upon it and re-delivered it, what was that but an acknowledgment, in the most distinct and unequivocal manner, that, on the 11th of October 1869, he held, for the use of Mary Finkbone, four hundred and seventy-five dollars, plus thirty, or a gross sum of five hundred and five dollars? It amounts to a re-statement of the account in which thirty dollars are added to the former indebtedness. It is precisely, in its effect, as though Dr. Wiley had delivered, to the appellant, at the date of the last receipt, an account stated setting forth the receipt of $475, on the 15th of May 1868, and of $30 on the 11th of October 1869. Under this view of the case, we need hardly add that the statute formed no bar to the claim in controversy, and that that claim ought not to have been rejected.

The decree of the Court of Common Pleas is reversed. Costs to be paid out of the assigned estate, and a redistribution is ordered.