## Hartranft's Estate.    Guarantee Trust and Safe Deposit Co.'s Appeal.

[Marked to be reported.]

*Statute of limitations—Promissory note—Collateral Security.*

The deposit of collateral securities for the payment of a promissory note has no effect to prevent the running of the statute against the right of action upon the note. The pledge, however, survives; and the debtor cannot demand a return of the collaterals until the debt has been paid, notwithstanding the statute may have run upon his creditor's right of action against him.

*Acknowledgment to toll statute.*

The opinion of a witness that the debtor did not deny his liability or that he admitted it, is not sufficient unless the words on which the opinion is based are given, so that the court and jury may determine whether the opinion is well founded.

A promise to make a renewal note or to waive the statute by an instrument in writing to be executed in the future, will not amount to a renewal or a waiver, when it appears that the instrument was prepared, but its execution postponed or " put off from time to time," and finally left undone.

The statute of limitations is not tolled by the evidence of a witness who testified that the debtor " never disputed the correctness of these notes and expressed his willingness to pay if he was able. He admitted the debt and said, have new notes fixed and he would fix it when he came in again. He said he would sign new notes. He said he would renew this indebtedness. I can't tell why he did not sign the notes; he put it off from time to time." At the time of conversation the debtor owed three notes, one of which was subsequently renewed.

Argued Jan. 30, 1893. Appeal, No. 444, Jan. T., 1892, by the Guarantee Trust and Safe Deposit Company, creditors, from decree of O. C. Montgomery Co., Dec. T., 1891, No. 74, dismissing exceptions to report of auditor. Before PAXSON, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL and DEAN, JJ.

Audit of account in estate of John F. Hartranft, deceased.

The facts appear by the opinion of the Supreme Court.

Exceptions to the report of the auditor, Walter S. Jennings, Esq., were dismissed by the court in an opinion by SWARTZ, P. J.

*Errors assigned* were, (1–3) dismissing exceptions, quoting them.

*John G. Johnson* and *Charles Hunsicker*, for appellant.—In Citizens' Bank v. Johnson, 21 La. An. 128, it was held that a pledge of stock to secure a debt operated as an implied and continuing acknowledgment of the indebtedness, and prevented the running of the statute.

The admissions were sufficient to bar the statute of limitations: Frey v. Holben, 11 W. N. 349; Bolton v. King, 105 Pa. 78; Lawson v. McCartney, 104 Pa. 358. The debt was sufficiently identified: Painter's Ap., 18 W. N. 441; Landis v. Roth, 109 Pa. 621; Miller v. Baschore, 83 Pa. 356; Palmer v. Gillespie, 95 Pa. 340; Mayfaith's Ap., 2 Atl. R. 28; Hobough v. Murphy, 114 Pa. 358; Yaw v. Kerr, 47 Pa. 333.

*J. P. Hale Jenkins* and *Irving P. Wanger, C. H. Stinson, Irwin P. Knipe* and *B. E. Chain* with them, for appellee.—The statute of limitations begins to run from the date of a promissory note payable on demand: Little v. Blunt, 9 Pick. 488;

Lavason & Hoppock v. Lambert, 7 Halstead, 247; Kingsbury v. Butler, 4 Vt. 458; Laforge v. Jayne, 9 Pa. 410; Andress's Ap., 99 Pa. 424; James v. Milne, 3 Penny. 394; Milne's Ap., 99 Pa. 483; Boustead v. Cuyler, 116 Pa. 551; Smith v. Bell, 107 Pa. 352.

If the evidence proves no recognition of an amount, or of the instrument of indebtedness, or other circumstances of identification, the debt cannot be regarded as renewed: Suter v. Sheeler, 22 Pa. 308; Gerhard v. Gerhard, 4 Atl. R. 55.

A promise to pay when able will not bar the statute: Shepherd v. Thompson, 122 U. S. 239. All the cases cited by appellant are promises made after the notes or debts had expired by limitation.

OPINION BY MR. JUSTICE WILLIAMS, March 20, 1893:

The appellant held at least three notes made by General Hartranft, for several years before his death. One of these for ten thousand dollars ($10,000), dated Sept. 19, 1883, payable on demand, was accompanied by certain mining stocks as collateral. Another for $62,772.81, dated Jan. 31, 1884, payable on demand, was also accompanied by similar collaterals. The date and amount of the third note does not appear in the evidence, but it was indorsed by Michael Schall. This note was renewed on the 10th day of March, 1889, for thirteen thousand dollars and was signed by both Hartranft and Schall, as makers. Hartranft died October, 1889. Some time after his death the last note was paid by Schall. The other notes were not paid. In 1891 they were presented to the auditor appointed to make distribution of the fund raised by the administratrix of General Hartranft, as subsisting demands against the estate, entitled to participate in the fund. Their right to share in the distribution was denied on the ground that they were barred by the statute of limitations. The appellant replied that notwithstanding the lapse of more than six years from the date of the notes, the statute could not be successfully set up against them, because, first, securities had been deposited with the company as collateral to the notes, which remained in its hands unconverted; and the statute did not begin to run on the notes until the collaterals were collected, or converted, or had been returned to the maker; and, second, if this was doubtful, the

notes had been saved from the operation of the statute by an acknowledgment and promise to pay made within six years.

The first of these positions raises a question of law that has been already settled. The statute operates upon the remedy and begins to run when a right of action accrues. Upon a note payable on demand an action may be brought at once: Milne's Appeal, 99 Pa. 483; Boustead v. Cuyler, 116 Pa. 551. The statute therefore begins to run upon such a note at date. But upon a deposit of money made to be drawn upon in the future a right of action does not accrue until a demand is made. The same rule applies to the deposit of securities as collateral to an existing debt. Possession of them for six years will not give to the pledgee a title, or bar the remedy of the pledgor: Fink-bone's Appeal, 86 Pa. 368. As no right of action exists until the securities are converted or their return has been properly demanded, the statute does not begin to run against the pledgor until his right of action accrues: Humphreys v. The National Bank of Clearfield, 113 Pa. 417. The holder of a note with whom collaterals have been deposited has, while the statute is running, two remedies. One against the maker by suit, the other against the collaterals. If he loses the first by the lapse of time, he still has the second. He may not sue the maker, but he may exhaust the securities he holds in pledge; for the statute operates not upon his debt but upon his right of action. The deposit of collaterals has therefore no effect to prevent the running of the statute against the right of action: Slaymaker v. Wilson, 1 P. & W. 216. The pledge survives though the right of action is gone; and if the creditor realizes from the collaterals more than the amount of his debt, the debtor may call upon him for the surplus. He cannot however demand a return of the collaterals until the debt has been paid, notwithstanding the statute may have run upon his creditor's right of action against him. This is the fair effect of the cases in England and in most of the states in this country: 13 Am. & Eng. Encyclopedia of Law, page 705, note 1.

The remaining question is whether an acknowledgment sufficient to toll the statute is shown by the evidence? The witness on whose testimony this question depends says: " The General never disputed the correctness of these notes and expressed his willingness to pay if he was able." Again: " He

admitted the debt and said, have new notes fixed and he would fix it when he came in again." And again : " He said he would sign new notes. He said he would renew this indebtedness." Nevertheless he did not renew the notes ; and the witness from whom we have quoted said : " I can't tell why he did not sign the notes ; he put it off from time to time." The witness's opinion that he did not deny his liability or that he admitted it, will not do unless the words on which that opinion is based are given, so that the court and jury may determine whether the opinion is well founded. A conditional or qualified promise, without more, will not toll the statute. A promise to make a renewal note or to waive the statute by an instrument in writing to be executed in the future, will not amount to a renewal or a waiver when it appears that the instrument was prepared, but its execution postponed, or "put off from time to time," and finally left undone. Then too the bank held three notes when these conversations took place. One of these was renewed a few months before the General's death. Was this the extent to which he intended to renew his liability ? He did not sign the other renewals when his attention was called to them, but "put it off from time to time." The promise to renew is too indefinite to enable us to determine with certainty what was its scope ; and, when we consider the subject in the light of his conduct, we cannot say that the court below erred in the conclusion that no sufficient acknowledgment or promise is shown to have been made by General Hartranft to toll the statute.

We think the case was well decided by the learned judge of the court below, and the decree appealed from is now affirmed at the cost of the appellant.