## GUFFEY v. GULF PRODUCTION CO.

(Circuit Court of Appeals, Third Circuit. February 3, 1927.)

No. 3537.

1. **Limitation of actions** ☞66(15)—**Stockholder, delaying action on corporation's agreement for repayment of moneys 23 years after loan and 21 years after accepting payment as in full, may not recover.**

Where stockholder delayed action on alleged oral agreement with corporation for repayment of money under assignment, for 23 years, after loan was made and 21 years after acceptance of payment, made in full settlement, right of recovery is barred by limitation under Pennsylvania law, under either equitable or legal principles.

2. **Appeal and error** ☞927(7)—**Plaintiff's version of facts must be accepted, where there was directed verdict for defendant.**

Circuit Court of Appeals, on review of judgment, where there was directed verdict for defendant, must accept plaintiff's version of facts.

3. **Limitation of actions** ☞199(1)—**Question of whether recovery is barred by limitation is for court.**

Question of whether right to recover on agreement for repayment of money was barred by statute of limitations is for court, whether the defense is viewed as equitable or legal.

In Error to the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

Action in assumpsit by J. M. Guffey against the Gulf Production Company. Judgment for defendant, and plaintiff brings error. Affirmed.

See, also, 17 F.(2d) 926.

John M. Freeman, Albert C. Hirsch, and Watson & Freeman, all of Pittsburgh, Pa., for plaintiff in error.

John G. Frazer, David A. Reed, H. L. Stone, Jr., and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for defendant in error.

Before WOOLLEY and DAVIS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge. This case is in assumpsit for what was a loan of money. The defense was five-fold: (1) A denial that more than $37,000 was ever owing; (2) the payment of the $37,000; (3) the statute of limitations; (4) the payment of the $37,000 in full settlement of all claims and demands, because of which, and (5) the long delay in bringing suit, the plaintiff is barred of his right of action. The case was twice tried. On the first trial it was submitted (with the defenses) to the jury, who rendered a verdict for the plaintiff for $348,695.33. A new trial was granted for the reason that, in the opinion of the trial judge, there should have been a directed verdict for the defendant. On the second trial the notes of evidence taken at the first trial by stipulation were accepted as the evidence at the second trial, and a verdict for defendant was directed. The instant writ of error was sued out on the judgment entered upon this verdict.

The appellate questions are whether the propositions of law upon which the learned trial judge based his directions to the jury are sound, and whether they are applicable to

the fact situation presented. The law of the case must proceed upon the facts not in controversy and upon the plaintiff's version of the facts which are. The sole issue was one of the law of the case, and was whether, in view of the $37,000 payment in settlement, the lapse of time before demand, and the statute of limitations, the plaintiff was barred.

The pertinent fact dates are as follows: Loan made in 1901, payment of the $37,000 in 1903, demand for payment of the claim now made in 1922, and suit brought in 1924.

The case was tried in Pennsylvania in accordance with the procedural law, of that state, and the law found to apply was the law of that state. The Act of Congress of March 3, 1915 (Judicial Code, § 274 [b], being Comp. St. § 1251b) permitting in all courts of the United States equitable defenses in actions at law, but requiring that all equitable defenses pleaded (as distinguished from purely legal defenses) shall be disposed of in limine by the court, was not invoked. No point was made of this in the court below, and none is made here; so we pass it without further comment.

The Pennsylvania system in the trial of actions at law is one which does not prevail in all jurisdictions. In Pennsylvania equitable defenses have always been admitted in actions at law. The state has no separate court of chancery, and indeed no court of equity as such. Some of the powers of a court of equity (injunctive, etc.) have been conferred by statute upon the courts of common pleas; but, even when exercising equity powers and employing equitable remedies, they are not designated as courts of equity, but as courts of common pleas, sitting in equity. Whether the trial judge, at the trial of a common-law action in assumpsit, sits in the dual capacity of a chancellor to dispose of equitable defenses and as a court of law to dispose of the purely legal defenses, or whether he sits as a trial court at law, administering equitable principles through the forms of law, is of no practical consequence, because the result is the same. Both legal and equitable defenses are heard and determined.

To one trained in the Pennsylvania system, this commingling of law and equity is the most simple and direct method of reaching results, and there is no confusion if the distinction between law and equity is kept as clear in thought as it is in other jurisdictions kept in form also. Under the system of pleading which prevailed before the forms of pleading were prescribed by the Practice Acts, the distinction between the legal defense of the bar of the statute and the equitable defense of laches was observed and preserved in form. The former was presented by a simple plea of the statute of limitations; the latter, by the plea of nonassumpsit infra sex annos or actio non accrevit infra sex annos. Usually the pleader played safe by pleading all. Possibly the latter pleas are nothing more than a Latinized form of a plea of the statute; but, if the "sex annos" part of them has a genesis, it is that the Pennsylvania statute barred actions in assumpsit after six years, and the principle applied was that equity follows the law. Hence the "six years" part of the plea.

The Pennsylvania cases to which we have been referred are too numerous to be even listed, but they have been fairly classified in the argument. A good beginning of the discussion is that it was early held that in money obligations, payable on demand, no previous demand before suit was necessary; the suit itself being held to be a demand. Then followed the ruling that the statute began to run from the date of demand notes.

The expressed opinion of Mr. Justice Mitchell in Swearingen v. Sewickley, 198 Pa. at page 71, 47 A. 941, 53 L. R. A. 471, would be accepted by any Pennsylvania lawyer as authority for these propositions. It is to be observed that the defense thus far might be cast in the legal form of a construction of the statute, or based on the equitable principle that the plaintiff, having it in his power to bring suit at any time within six years, ought to have done so.

We may, for clarity, interpolate here a further observation upon the difference between the equitable defense of laches and the legal defense of the bar of the statute. Each has its basis in the policy of the law to discourage stale claims, phrased in the maxim "interest republicæ ut sit finis litium." The equitable principle is plastic and elastic. A plaintiff is barred whenever in equity and good conscience he should be barred. The law is rigid and inexorable, because founded upon a statute. It is the doctrine of "ita lex scripta est," and operates upon the stroke of the clock. Whether the basis of the two propositions thus far laid down be that a demand is presumed to have been made, or is held to be unnecessary to suit, the result is the same. The plaintiff is barred.

The Pennsylvania doctrine, however, further is that, when a previous demand is required before suit can be brought, the statute does not begin to run (as a defense at law) until demand is made, and equity could

not very well decree that a plaintiff was bound to bring his action at law before he had the legal right to bring it. The question was thus squarely presented whether, when a plaintiff had it in his power to make demand, he could be presumed in law to have made it, or held in equity bound to make it. In other words, whether he is as much bound in equity to make demand in order to bring suit as he is at law to bring suit after demand made. This question is stated by Justice Mitchell as at that time (1901) not to have been authoritatively settled, the rulings not being in accord. The case before the court was one not at law, but in equity, and belongs to the stock subscription class of cases. No suit could have been brought nor proceedings begun until there was a call for the unpaid stock, yet the court held that the plaintiff was barred after six years, and dated the time from the insolvency of the corporation, not from the date of the call.

We think this case in principle supports the ruling made by the trial judge, but that further support is given it by the other cases, to some of which we will make as brief reference as possible. The plaintiff in the instant case sought to escape the effect of the demand obligation rulings by introducing evidence that the debt here was payable, not on demand, but only in a reasonable time after demand. This was with the view that precedent demand was necessary to suit, so that the statute would begin to run only after demand. The practical question then becomes whether this gave the plaintiff the right to postpone indefinitely the start of the running of the statute. We say indefinitely, because the experienced counsel for plaintiff admits, as he was bound to admit, and indeed might safely admit, that, if demand could be delayed for 21 years, it could be postponed for 50 years or more.

If the question is viewed in the light of the equitable principle of laches, we see no distinction between a note payable on demand and one within a time after demand, with respect to the duty to make demand. Viewed as a legal question, there is again no distinction (except that, of course, the start of the statute would be delayed for the prescribed time after demand) between a demand obligation and one payable at a time after demand, because it is just as logical to start the running of the statute in the time cases at the prescribed time, as it is in the demand cases to start at the date of the obligation. This is true, whether the demand note cases are ruled upon the legal fiction of a demand, or upon the analogous equitable principle that the demand should have been made, and in consequence is deemed to have been made.

Pittsburgh & C. R. Co. v. Byers, 32 Pa. 22, 72 Am. Dec. 770, preceded the Swearingen Case. It was ruled upon Codman v. Rogers, 10 Pick. (Mass.) 112, followed in Laforge v. Jayne, 9 Pa. 410. The Byers Case was a stock subscription case at law, but recognizes the existence of both legal and equitable defenses. The legal right of action did not arise until the call was made, but the action was held to be barred because of the delay in making the call, on the principle, above mentioned, that when demand must precede suit there was the same duty in equity to make the demand that there was in law to bring suit after demand. The action being at law, the defense was given a legal form by the contract being held to have been "abandoned," thus taking away the cause of action.

Girard Bank v. Bank, 39 Pa. 92, 80 Am. Dec. 507, is spoken of as an "express rejection" of the doctrine of Codman v. Rogers, and so it is in form. The rejection, however, goes to the breadth of the doctrine rather than its soundness. The case was one at law, and belongs to the class of bank deposit cases. It was held that there was no duty on the part of the depositor to demand payment at any time, and the fact that his deposit was left undemanded for over six years gave the bank no defense. This was no more than to hold that under the facts and circumstances of that case no duty to make demand arose. There is no implication that under a different fact situation such duty would not arise.

We have room only for a reference to three of the later cases. Cook v. Carpenter, 212 Pa. 165, 61 A. 799, 1 L. R. A. (N. S.) 900, 108 Am. St. Rep. 854, 4 Ann. Cas. 723, was a bill in equity to enforce a stock subscription contract. It was held that the legal right of action began only with the call, and under the facts of that case there was in equity no duty to make the call sooner than it was made, and that by analogy to the statute the plaintiff was not barred until six years after the call. It is worthy of comment that the opinion is by Chief Justice Mitchell, who as Justice Mitchell held in the Swearingen Case that under the facts there time began to run, not from the call, but from the date of insolvency.

Himrod v. Kimberly, 219 Pa. 546, 69 A. 72, was an action at law in assumpsit for damages for breach of a contract to accept deliveries of ore. There was held to have

been an almost immediate breach. No demand was made, nor suit brought within six years of the breach. The ruling was that the plaintiff was barred. There was no ruling that a demand was necessary to suit, but, if it was, it would "be presumed to have been made in a reasonable time," and that plaintiff could not extend the limit of the statute by postponing demand because of "arrangement for his own convenience."

Gardner's Estate, 228 Pa. 282, 77 A. 509, 29 L. R. A. (N. S.) 685, was a claim presented at the audit to distribute the estate of a decedent. The claim was held barred by the statute six years after decedent's death. Excusing explanations of the delay were given, and some stress was laid on the laws relating to the settlement of decedent's estates; but the ruling was planted on the broad ground that "conditions beget duties," and that under all the facts and circumstances claim should have been made against decedent's estate within six years of the death, notwithstanding that the claimant would not have been barred of his action against the banking house, of which the decedent was a member at the time of the deposit.

We have selected these three cases, because one is a proceeding in equity, another an action at law, and the third in the orphans' court in a distribution proceeding. Some of the cases have been criticized because they were ruled upon their special fact features. So far as the rulings were based upon equitable principles, this necessarily must be, because the equities of any case can be appraised only as they arise out of facts and circumstances.

The instant case must be ruled upon its special facts. These are that the loan was made in 1901; that it was payable in a reasonable time after demand made; that the defendant in 1903 paid to plaintiff $50,000, which was stated to be in full settlement of all claims and demands, and included $37,000 of the sum now claimed; that the plaintiff accepted the money, and gave no sign of dissent from the statement that it was in full settlement; that his silence is explained by the circumstance that he had forgotten that any more was owing to him until he was reminded of it years afterward; that the plaintiff made demand for payment in 1922, and that in 1924 he brought suit.

[1] The learned judge, after a full consideration of all the Pennsylvania cases, reached the conclusion that the plaintiff was barred of his right of recovery after this long delay, and has vindicated the soundness of this conclusion in the exhaustive opinion filed in disposing of the motion for a new trial. 17 F.(2d) 926. In this conclusion we think he was right. It may be that in this particular case the delay wrought no injustice, as the fact of the indebtedness was as clearly established as it would have been, had the suit been brought in 1913, 1907, or 1901 even; but the trial judge was laying down a principle of law for all cases, and he properly held that a plaintiff is barred who delays his suit for a loan of money for 23 years after the loan was made and 21 years after he had accepted a payment made in full settlement, and that his right to recover judgment is not saved by offering evidence that the money was borrowed under his agreement that it should not be payable until a reasonable time after demand made, and that he did not make demand for 21 years because he had forgotten the money was owing to him.

[2, 3] We support the trial court in its ruling, not unmindful that here there was a directed verdict, because of which the plaintiff's version of the facts must be accepted, and mindful, also, that there was ample evidence from which the jury might have found, as one jury did find, a verdict for the plaintiff. The question here, however, whether the defense be viewed as an equitable or legal one, was for the court, and not the jury. The question was one for the court, whether the trial judge be regarded as a chancellor dispensing equity, or sitting as a law court applying equitable principles through the forms of law. The result is the same when a plaintiff is barred, whether he is held to be barred because in equity he ought to be barred, or because he is presumed to have made demand when he ought to have made it, and hence in law is barred by the statute. After the long time which here elapsed, no jury could be permitted to found a verdict upon the adage that "no statute of limitations runs in favor of an honest man against an honest debt."

There is no case in Pennsylvania, to which our attention has been called, which flatly rules, in cases in which a precedent demand is necessary to suit, at what time the demand in equity ought to be made, or in law is presumed to have been made, with respect to the date of the obligation. It hence may be the law of Pennsylvania that the holder of an obligation payable in a definite or indefinite time after demand has six years in which to make his demand, and six years more after the demand should be met in which to bring suit. This question is not before us, because in the instant case this could only give 1913, or at the most 1915,

as the date of suit, and here the suit was not brought until 1924.

The assignments of error are overruled, and the judgment below affirmed, with costs.