Sprowles's Estate.

*Horace M. Barba* and *Raymond M. Remick*, for exceptant.
*Joseph R. Embery*, contra.

VAN DUSEN, J., March 27, 1931.—J. Horace Sprowles executed a writing under seal whereby he agreed "to indemnify and save harmless the said George E. Saul from any and all liability, loss, damage and expense" by reason of loans to the J. H. Sprowles Company; and to secure his creditor he assigned to the latter his interest in the estate of his father, the present decedent. That estate was held in trust for the life of the widow, with remainder to J. Horace Sprowles among others, and this account is filed upon the death of the widow. A claim was presented by the executors of Saul for Horace's distributive share; and proof was made of loans by Saul, the bankruptcy of the company and the dividend received therein. This showed a loss of the balance (which exceeded the distributive share) without proof of nonpayment; Wheeler *v.* Equitable Trust Co., 206 Pa. 428, turns on the failure to prove loss. It does not mean that the burden of proof with respect to payment of the loss is on the indemnitee. As in other cases, the burden with respect to payment is on the debtor. J. Horace Sprowles further objects, however, that the cause of action arose more than twenty years ago, and that a presumption of payment has arisen.

It is well settled that the barring of the personal claim against the debtor by the statute of limitations does not bar the right to the collateral: Humphrey *v.* National Bank of Clearfield, 113 Pa. 417; Hartranft's Estate, 153 Pa. 530; Kulp *v.* Brant, 162 Pa. 222; Stucker *v.* Shumaker, 290 Pa. 348.

The statute, like a discharge in bankruptcy, is a shield to the general personal liability of the debtor against vexation by stale claims. But by giving part of his property as security he devoted that item specially to the particular debt; and this special claim should be without limit of time. To hold

on to it indefinitely puts no new burden on the debtor. The same policy has given rise to the so-called presumption of payment after twenty years, and for the same reason it should not be applied to the right to the collateral security. This right should continue until actual payment or satisfaction.

To call the rule a "presumption of payment" is somewhat of a misnomer, and has led—not unnaturally—to the error of the exceptant in arguing that it supplies evidence of actual payment. The true nature of the rule is explained in McDowell v. North Side Bridge Co., 247 Pa. 190, thus:

"It does not extinguish the debt, for no mere rule could do that, but simply declares that when the creditor seeks to enforce an obligation that has been past due for twenty years, the burden shall be on him to show, by a prima facie case, that the debt has not been paid."

In a case closely parallel to the present, Louchbaum's Estate, 7 Dist. R. 100, Judge Stewart uses the following vigorous language:

"The rule is never more than a means of defence. It would violate every principle of equality and equity, and be a perversion of the purpose of the rule, to allow him who provokes the contest to use it as a means of attack. The presumption is available only as a shield, and can be set up only to defeat a right of action; it cannot be used for affirmative, aggressive action:" Morey v. Farmers' Loan and Trust Co., 14 N. Y. 302.

"Here the debtor is undertaking to disturb a status that has existed for 30 years, claiming to recover from the possession of the creditor a collateral which he has suffered to remain with him during all this period. That the recognizance has now been turned into money, cannot affect the case in the slightest; this circumstance cannot change the rights of the parties with respect to it. As the record stands, with an assignment to the creditor, he alone, as we have seen, is entitled to the money to be paid out. But for the debtor's interference, payment to the creditor would have followed as a matter of course. The former is as much the aggressor as though he were endeavoring in another proceeding to compel a reassignment of the collateral to himself. In such case, could he be heard to say that because his debt was presumed to be paid he was entitled to a return of the things pledged for its payment? It would be a sufficient answer to such demand to say, that while the law presumed his debt paid, it also presumed an abandonment by him of the pledge, and that these presumptions countervail; but a simpler, easier and equally conclusive reply would be, that the law does not permit its presumption to avail those who would use them to disturb the repose which they were invented to secure.

"In such a case as we have here, nothing short of satisfactory evidence of actual payment of the debt can entitle the debtor to the collateral."

Before concluding, the result at which we have arrived must be reconciled with the familiar practice of decreeing the satisfaction of a mortgage where there has been no payment or demand for twenty years. The Act of June 10, 1881, P. L. 97, gives the procedure; but the right to satisfaction depends upon the general law: Philadelphia v. Comber, 15 W. N. C. 502; Richards v. Walp, 221 Pa. 412. These cases are appealed to as authority controlling the present question.

The difference lies in the feature of possession and enjoyment. If the owner of land remains in possession for a long time, and in receipt of profits, and the holder of a lien, which might have been enforced at any time and which calls for periodical payment of interest, does nothing to disturb him, the inference is strong that the holder of the lien has been satisfied. The same would be true in the case of an automobile, for example, on which there

was a statutory lien. In cases where the pledgee of a chattel remains in possession or enjoyment, the inference from long inaction by the owner is that the owner has no right to disturb him, and in the end has abandoned the pledge: Story on Bailments (9th ed.), § 362. In a neutral case such as the present, where the subject is incapable of actual possession and where enjoyment by either party is deferred, the inference from delay and inaction should be against the owner: Louchbaum's Estate, *supra*. The creditor can take no action; but if the debtor has satisfied the debt, he has the right and the duty of demanding a reassignment to himself.

Other arguments against the application of the twenty-year rule need not be considered.

The exceptions are dismissed, except No. 2, which embraces a clerical error and is sustained, and the adjudication is confirmed absolutely.