## Sokolow, to use, Appellant, *v.* North Ninth Street Building and Loan Association.

Argued October 19, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Samuel J. Gottesfeld,* with him *Maurice Rose,* for appellant.

*Ignatius A. Quinn,* with him *John J. Green,* of *Green & Quinn,* for appellee.

OPINION BY KELLER, P. J., January 31, 1939:

This action of assumpsit, which was tried before a judge without a jury, was brought by David Sokolow, to the use of Morris H. Kean, to recover the sum of $2,500, which, it was alleged, Sokolow had left with the defendant as security for a second mortgage loan made by defendant to one Henry F. Lindner, subject to the conditions specified in a bond for $10,000, executed contemporaneously by Sokolow and Mittin Bros. and delivered to the defendant, which, it was alleged, had been complied with.

The facts are somewhat complicated and will require a rather full exposition in order to be understood.

Sokolow and Mittin Bros. were the owners of a large garage, at Fairhill and Wingohocking Streets, Philadelphia, which they had agreed to convey to Lindner, subject to a first mortgage of $25,000. Sokolow applied to the defendant building and loan association for a second mortgage loan of $20,000, to be further secured by assignment of 100 shares of stock in said association. The property committee of the association recommended the loan, provided Sokolow deposited $5,000 with the association to be held as collateral until the $20,000 mortgage was reduced to $11,600, and their report was duly approved by the Board of Directors.

However, when the transaction was put through on May 18, 1925, the property was conveyed to Lindner subject to the first mortgage of $25,000, and he executed and delivered to the defendant association a second mortgage for $20,000, secured also by an assignment of 100 shares of stock in the defendant association, for which he had just subscribed. The mortgage called for the payment of $100 per month dues, $100 per month interest, $25 per month premium and fines for nonpayment of the foregoing, and for the production by the mortgagor to the mortgagee on or before October 1 of each and every year of receipts for all taxes and water rents assessed for the current year, and provided that if

default should be made in the payment of dues, interest, premiums or fines as above for the space of three months after any payment fell due, or in payment of current taxes and water rents and interest on the prior mortgage and the delivery of receipts for the same to the mortgagee within thirty days after the same were due and payable, the whole principal debt should at the option of the ·mortgagee become immediately payable and recoverable. The building and loan association drew two checks, one for $15,000, which was endorsed by Lindner and delivered to the vendors, and one for $5,000, which was endorsed and given back to the building and loan association, in return for which it executed and delivered its two notes for $2,500 each, payable seven years after date, with interest at 5% per annum, one to the order of David Sokolow and the other to the order of Israel Mittin and Albert Mittin, trading as Mittin Bros.[1] At the same time Sokolow and Mittin Bros. assigned their respective notes to the defendant association to be held as collateral security for the mortgage; and they also executed and delivered to the defendant a collateral bond for $10,000, which recited the giving of the said second mortgage by Lindner and the assignment by them to the defendant of the said two notes—("aggregating five thousand dollars")—"as additional security for the faithful performance of all the conditions of said mortgage given by said Henry F. Lindner to the said North Ninth Street Building and Loan Association." The conditions of *this bond* were as follows:

"Now the conditions of this obligation is such that if the said Henry F. Lindner, his Heirs and Assigns, shall well and faithfully carry out all of the provisions of the said mortgage until the withdrawal value of the Building and Loan Stock assigned as collateral to secure the payment of said mortgage shall have a value

---

[1] Mittin Bros. have pending a like action against this defendant the disposition of which, by stipulation of the parties, is to be governed by the final judgment in this case.

of Five thousand ($5,000) Dollars, then the above obligation to be void or else to be and remain in full force and effect.

"And it is further agreed that if at any time the said Henry F. Lindner, his Heirs and Assigns, shall be in arrears to the said North Ninth Street Building and Loan Association for dues, interest, premiums and fines, for the period of three (3) months, or shall violate any of the provisions of said mortgage given by the said Henry F. Lindner, to the said North Ninth Street Building and Loan Association, then the said North Ninth Street Building and Loan Association shall have the right to immediately apply said Five thousand Dollars in reduction of the aforesaid mortgage, given by the said Henry F. Lindner to the said North Ninth Street Building and Loan Association."

It is clear that the last quoted agreement relates to the two notes aggregating $5,000, which, in the clause of the bond just before the condition, had been recited as having been assigned by the obligors to the association as additional security for the faithful performance of all the conditions of the mortgage by Lindner.

The notes were given and assigned as a method of effectuating the condition for the deposit of $5,000 as collateral, upon which the second mortgage loan had been granted.

The plaintiff is apparently resting under the impression that this bond provided for the return of these notes to the respective payees when "the withdrawal value of the stock, assigned as collateral to secure the payment of said mortgage shall have a value of five thousand dollars." But it does not. The bond provides that the obligors' personal liability of $10,000 *on the bond*—which also contained a warrant of attorney to confess judgment in that amount—should be void and of no force or effect when the withdrawal value of the building and loan stock, assigned as security for the mortgage, should have a value of $5,000; but, in the

clause immediately before, it was recited that the notes had been assigned by the obligors as additional security for "the faithful performance of *all* the conditions" of the mortgage; and consequently they were not returnable until all the conditions of the mortgage had been faithfully performed, except in so far as this may have been affected by the prior action of the association in agreeing to hold the deposit thus given as collateral until the mortgage had been reduced to $11,600, which, if the dues, interest, etc. had been regularly paid, would have been in seven years; and, in the clause immediately after, it gave the defendant association the right to apply the said $5,000, represented by the notes, in reduction of the said mortgage at any time that the said Lindner should be in arrears to the defendant association for dues, interest, premiums and fines for the period of three months, or should violate any of the provisions of said mortgage; in which event the notes would not be returnable at all. Plaintiff has confused the personal liability of the obligors on the *bond*, with the deposit of the *notes* aggregating $5,000, which had been assigned as additional security for the performance of all the conditions of the mortgage.

Lindner did not comply with the conditions of his mortgage to the defendant association. He did not promptly pay his monthly dues, interest and premiums and the fines resulting from such non-payment, nor did he pay the taxes and water rents as they were currently assessed and payable.

On June 13, 1929 he was in arrears considerably more than three months for dues, interest, premiums and fines, and had violated the provisions of the mortgage relative to the payment of taxes and water rent; and at a meeting of the association held that evening action was taken "forfeiting" to the association the collateral note given by Sokolow in the sum of $2,500 as security for the mortgage loan of $20,000, on premises Northeast corner of Fairhill and Wingohocking Streets

because of default on the mortgage, and notice of said action was given Sokolow by letter of the secretary of the association dated June 15, 1929.

By this action we understand that the association applied the amount of said note in reduction of the mortgage as it was specifically given the right to do in the collateral bond before referred to.

The mortgagee then proceeded to foreclose its mortgage and on August 5, 1929 the mortgaged premises were sold at sheriff's sale, subject to the first mortgage of $25,000, to the defendant association for an amount insufficient to pay the taxes due and unpaid. At that time, the withdrawal value of the stock, if the holder had paid all the dues, interest and premiums as they fell due, would have been $5,613, but dues were in arrears and unpaid to the amount of $800, interest unpaid in the amount of $700, premiums unpaid in the amount of $175, and fines due and unpaid of $309, making the true withdrawal value of the stock $3,629. The mortgagee purchaser was required to pay city taxes for 1928, $1,468.29; city taxes for 1929, $1,277.15; poor taxes for 1927, 1928, 1929, $25.55; water rent for 1926, 1927 and 1928, $55.09; first mortgage interest due May 18, 1929, $250; and a paving claim of $353.46; none of which were discharged by the sale; and it also paid foreclosure costs of $567.50.

It is clear that even under the plaintiff's own theory, he was not entitled to a return of his note, for the withdrawal value of his stock never had a value of $5,000. It was the withdrawal value of *the building and loan stock assigned as collateral* to secure the payment of the mortgage, which was to have a value of $5,000, not the withdrawal value of other stock the dues on which had been promptly and regularly paid; it was the withdrawal value of this particular stock, not the theoretical withdrawal value of the stock in that series whose dues, etc. had been fully paid as they were due and payable. And it never attained that value.

But as we have pointed out the clause concerning the withdrawal value of $5,000 for the stock did not relate to a return of the notes deposited as collateral security, but to the condition of the bond. The collateral personal bond of $10,000 was to be of no further force and effect when the withdrawal value of this particular stock was of the value of $5,000; but the notes were to be retained by the defendant until all the conditions of the mortgage were faithfully performed, and express authority was given to apply them in reduction of the mortgage if the mortgagor was in arrears in the payment of dues, interest and premiums for three months, or for any other violation of the provisions of the mortgage, which was done in June, 1929.

The foreclosure of the mortgage in August, 1929, definitely established the failure of the mortgagor to perform the conditions of the mortgage and justified the defendant in refusing, in the circumstances of this case, to deliver the plaintiff's note, or the money which it represented, to the plaintiff or his assignee, until the mortgage debt was paid: *Hartranft's Estate*, 153 Pa. 530, 26 A. 104.

It must be remembered that this is not an action by the building and loan association against Sokolow and Mittin Bros. to enforce their personal liability as obligors on the $10,000 collateral bond. If it were, the cases cited by the appellant would apply—see, especially, *Manufacturers & Merchants B. & L. Assn. v. Willey*, 321 Pa. 340, 183 A. 789—and the association would be obliged to establish the actual loss sustained by it before it could recover against the obligors. The present action was brought by Sokolow—and a similar one by Mittin Bros.—to compel the association to pay him $2,500, which he had deposited, (in the form of a note for that amount), with the association as collateral security for the faithful performance by Lindner of all the conditions of a second mortgage for $20,000. To entitle him to the return of this note, or the money

represented by it, the burden rested on him to prove that Lindner had performed the conditions of his mortgage—which the evidence clearly established he had not—or show to the satisfaction of the trial judge that the association had suffered no loss from the failure of Lindner to perform the conditions of his mortgage: *Musselman v. Sharswood B. & L. Assn.*, 323 Pa. 550, 187 A. 419; and his recovery, in that event, would be limited to such amount as he proved remained in the association's hands after it had been made whole against any loss on the mortgage. The appellant wholly failed in his proof in that respect. If, as was stated on the argument in this case, after the association became the purchaser of the real estate on foreclosure of its mortgage, the first mortgage was foreclosed and the property was sold to an outside purchaser for a sum insufficient to leave anything remaining for the association as owner, the loss to the association far exceeds the collateral deposited by Sokolow and Mittin Bros. as security for the performance by Lindner of the terms and conditions of his mortgage.

The evidence fully warranted the finding of the trial judge in the defendant's favor, and the judgment is affirmed.