## Robinson v. Arronson

176

*T. D. McBride,* for plaintiff.

*F. B. Murdock* and *W. B. Gibbons,* for defendant.

WEINROTT, J., March 24, 1955.—On August 17, 1954, plaintiff filed a complaint in equity seeking an accounting and the return of certain shares of stock allegedly pledged by plaintiff and his brother, with defendant as collateral security for various sums of money which they borrowed from defendant.

The complaint avers that plaintiff and his brother borrowed these sums of money during the years 1930 and 1931; that the shares of stock were purchased by both but issued in the name of plaintiff's brother alone; that defendant knew that plaintiff and his brother each owned a one-half interest in 10 shares of the stock; and that during the year 1931 plaintiff's brother, under a certain agreement, delivered the shares of stock to defendant as collateral security for the various sums of money which plaintiff and his brother had borrowed. Plaintiff further avers that subsequent to his brother's death on February 10, 1953, plaintiff learned that his brother, at a date unknown, without plaintiff's knowledge or consent, had effected a transfer of the shares to defendant on the books of

the company issuing the stock. The complaint also alleges accretions to the collateral, a conversion of part and a demand for the return of his collateral.

Defendant filed preliminary objections to complaint raising the following principal contentions:

1. That the complaint fails to set forth a cause of action against defendant,

2. That the complaint fails to conform to certain rules of court, and

3. That the complaint discloses on its face that plaintiff has been guilty of laches.

It is a well-established principle that a pledgor may obtain the aid of a court of equity for an account and for the redemption of collateral securities where the accounting is complicated: Conyngham's Appeal, 57 Pa. 474; Thomas et al. v. Waters, admr., 342 Pa. 125; A. L. I. Restatement of the Law of Security, §54.

The complaint clearly sets forth a pledge of certain shares of stock as collateral security for the repayment of various sums of money which defendant had loaned to plaintiff and his brother. It is readily apparent that if the facts set forth in the complaint are true, a complicated accounting will be required. The sums of money due by plaintiff to defendant, the interest accrued thereon, and the alleged accretions to the shares of stock arising out of numerous stock dividends and stock splits will have to be determined. Furthermore, plaintiff seeks to have defendant declared trustee of the profits of a portion of the stock arising out of an alleged sale thereof without notice to plaintiff and without his consent.

The court does not agree with defendant's contention that laches is apparent on the face of the complaint. A pledge is not terminated by the running of the statute of limitations against the claim secured by the pledge: Hartranft's Estate, 153 Pa. 530; Bat-

ten v. Jurist·et ux., 306 Pa. 64; A. L. I. Restatement of the Law of Security, §47.

If the pledgee of securities deposited as collateral to an existing debt does not choose to exercise his acknowledged right to sell, he still retains the property as a pledge, and upon tender of the debt he may, at any time, be compelled to restore it for the statute of limitations does not run against it: Humphrey v. The County National Bank of Clearfield, 113 Pa. 417.

No right of action exists until the securities are converted or their return has been properly demanded and the statute does not begin to run against the pledgor until his right of action accrues. Plaintiff has pleaded that the shares of stock in this case were pledged as collateral security for certain sums of money which plaintiff and his brother borrowed from defendant. Plaintiff avers that his brother, without his knowledge or consent, transferred the stock to defendant and that the transfer was noted on the books of the company at some date unknown to plaintiff. It is further stated in the complaint that plaintiff learned of the facts averred after February 10, 1953, when his brother died. These averments sufficiently state a valid pledge to which, on the face of the complaint, laches is no bar. If the shares of stock were pledged as averred in the complaint, defendant had available to him the means by which he could have forever barred any right of plaintiff and his brother in the stock: A. L. I. Restatement of the Law of Security, §48.

Defendant further objects that plaintiff's complaint does not conform to certain rules of court, namely, Pa. R. C. P. 2127 (a) and (b), and Pa. R. C. P. 1019.

Pennsylvania Rules of Civil Procedure 2127(a) applies only to "a partnership having a right of action", and section (b) applies to "an action prosecuted by the liquidator of a dissolved partnership". Both of these

sections deal with claims which are founded upon partnership transactions.

Paragraphs 3 and 4 of plaintiff's complaint aver the manner in which the shares of stock allegedly pledged were acquired. There is no basis for the contention that the shares of stock were pledged in a partnership transaction. In fact, the other averments in the complaint negate the argument that the pledge was a partnership transaction. First of all, the complaint avers that plaintiff and his brother were sales representatives for a certain company. The nature of the business of a sales representative does not ordinarily give rise to the pledge of collateral security in the course of their transactions. Further, the shares of stock were allegedly issued in the name of plaintiff's brother alone which would seem to indicate that this stock was not partnership property. In any event, if defendant believes the estate of the deceased brother to be a necessary party he may join the estate as a party to this action and no harm is suffered by defendant thereby.

Plaintiff is not required to make any allegation as to whether his agreement is oral or written. If he says nothing it is automatically an averment that the agreement is not written: Brookside Distilling Products Corporation v. Monarch Wine Co. of Georgia, 72 D. & C. 533; 1 Goodrich-Amram §1019(h)(1). Pennsylvania R. C. P. 1019(h) merely requires that the pleading state whether any claim is based upon a writing.

Defendant's objection that the complaint fails to conform to Pa. R. C. P. 1019 is without merit. The material facts on which plaintiff's cause of action is based are stated in proper form and are sufficient to define the issues to be tried and to inform the defendant as to what he will be called upon to meet: Amram's Common Pleas Practice, p. 41, n. 13.

We conclude therefore, that the complaint sets forth a cause of action in proper form and that it does not, on the face of the complaint, show that plaintiff has been guilty of laches.

### Order

And now, to wit, March 24, 1955, defendant's preliminary objections are overruled, with leave to defendant to file an answer to plaintiff's complaint within 20 days.